**Ned WHITLEY, Plaintiff,**

v.

**The CITY OF NEW YORK and William Spooner, Defendants.**

**No. 80 Civ. 4350 (KTD).**

United States District Court,
S. D. New York.

Aug. 4, 1981.

Mitchell R. Friedman, New York City, for plaintiff.

Allen G. Schwartz, New York City, Corporation Counsel for defendants; Joseph F. Bruno, Dean L. Silverberg, New York City, of counsel.

## MEMORANDUM AND ORDER

KEVIN THOMAS DUFFY, District Judge:

Plaintiff brings this civil suit against defendant William Spooner, a police officer, for intentional assault and negligence and against the City of New York ["City"] for negligence and deprivation of civil rights in violation of 42 U.S.C. § 1983. The defendants now move for summary judgment against the plaintiff pursuant to Fed.R. Civ.P. 56(b). The plaintiff cross-moves for summary judgment against the City and for partial summary judgment against defendant Spooner.

### I.

On August 23, 1979, Police Officer Spooner and his partner, while on patrol, were informed that an armed robbery was being committed in an apartment in New York City. Plaintiff and defendants' versions of the rest of the facts which gave rise to this lawsuit agree only to the extent that the armed robbery was still in progress when the police arrived at the scene. Defendant Spooner claims that he heard gunfire as he approached the apartment. Upon entering the apartment, an occupant told him that men with guns were going out the window in another room. Once in the other room, the defendant allegedly announced himself to the plaintiff, and, believing him to be armed, instructed him accordingly. The defendant asserts that the plaintiff did not respond to the instructions but came toward him in what defendant believed was a life-threatening manner. The defendant claims he then discharged his revolver at the plain-

tiff in order to protect his life and others present at the scene.

The plaintiff asserts that he was a victim of the robbery and had been herded into the bathroom by the robbers. Apparently, someone whose identity remains unknown fired bullets through a wall or a closed door. The plaintiff alleges that he intended to avoid this gunfire by jumping from a window. When he saw the distance to the ground from the window, however, he began to reenter the apartment. At that point he was shot by the defendant. Plaintiff states that the defendant gave no warning and did not make an identifying announcement. The plaintiff further asserts that he was not armed and made no threatening gestures toward the officers. The plaintiff was never arrested nor charged with any crime arising from this incident.

Plaintiff thereafter instituted suit against the City claiming that the City did not adequately train Spooner in the proper use of firearms before requiring him to carry a revolver. Plaintiff also asserts that the City's policy with respect to its firearms training, in general, is inadequate. It is argued that, as a consequence of the City's allegedly lax firearms training policy, plaintiff was deprived of his civil rights under 42 U.S.C. § 1983. Plaintiff also charges Police Officer Spooner with negligence and intentional assault.

## II.

A municipality's liability under 42 U.S.C. § 1983 for the acts of its employees is limited. The Supreme Court has held that a municipality is not liable under § 1983 merely because it employs a tortfeasor. *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Nor is mere failure to supervise an employee sufficient to hold a municipality liable under § 1983. Municipalities are answerable only for "action pursuant to official municipal policy of some nature [which] caused a constitutional tort." *Id.* at 691, 98 S.Ct. at 2036.

Plaintiff in this case, therefore, must show that he suffered a constitutional tort due to the City's alleged inadequate training of Spooner in the use of firearms. Plaintiff must also demonstrate that the alleged inadequacy of the City's training program is "so severe as to reach the level of 'gross negligence' or 'deliberate indifference' to the deprivation of the plaintiff's constitutional rights. *Owens v. Haas*, 601 F.2d 1242, 1246 (1979).

Plaintiff in this case alleges only the following:

[¶ XIII] ... that defendant City of New York permitted, directed and required defendant [Spooner] to possess said revolver at all times without first sufficiently instructing him of [sic] the safe and proper manner and method of handling firearms; and in being otherwise negligent and careless;

and

[¶ XVII] That the acts of the defendants which was their formal and/or informal policy deprived the plaintiff of the privileges and immunities guaranteed to him as a citizen of the United States, and by the Constitution of the United States of America, and by 42 U.S.C. § 1983 ...

Ordinarily, such vague and conclusory allegations would warrant immediate dismissal of the complaint. The Second Circuit, however, has cautioned against dismissing civil rights actions at the pleadings stage unless it appears that, under any state of facts, plaintiffs are entitled to no relief. *Id.* at 1247. In cases where there is some indication that a claim of failure to train or deliberate indifference of the defendant government to individual constitutional rights can be raised, the plaintiff should be allowed, after limited discovery, to amend his complaint to state a ground for holding the government liable. 601 F.2d at 1246.

Not even limited discovery, however, is warranted in this case. There simply is no indication, under either plaintiff's or defendant's version of the facts, that the

City has failed to adequately train Spooner in the use of firearms. On the contrary, the affidavit of Joseph P. Veyvoda, Chief of Personnel of the New York City Police Department, demonstrates that Spooner's firearm training was adequate.

Nor do Spooner's actions in this case reflect a City policy of "deliberate indifference" to plaintiff's rights. *Compare Owens v. Haas*, 601 F.2d 1242 (1979) (prisoner brutally beaten by several prison officials in premeditated manner). While Spooner obviously was mistaken in his belief that plaintiff was armed and erred in deciding to shoot the plaintiff, such errors of judgment alone do not subject the City to liability under § 1983. Whether Spooner was negligent in discharging his gun or committed intentional assault is an entirely separate matter for which conduct the City cannot be held liable under § 1983.

In short, the factual allegations in this case are insufficient to establish a § 1983 claim against the City. Moreover, in view of the facts alleged here, further discovery to substantiate a § 1983 claim against the City is not warranted. Thus, plaintiff's claim under § 1983 must be dismissed.

### III.

Plaintiff has invoked the diversity jurisdiction of this court under 28 U.S.C. § 1332 to support his claims for negligence and intentional assault. There is, however, a dispute as to whether the requisite notice of claim was timely filed by the plaintiff. Defendant contends that the notice of claim was not filed within ninety days and, thus, the claims must be dismissed. Plaintiff argues that his late notice of claim should be accepted in this action. This dispute was raised before the Supreme Court of the State of New York, which court denied plaintiff permission to file a late notice of claim. Plaintiff then appealed. The question of whether the late notice of claim should be accepted in this action is now being considered by the Appellate Division of the Supreme Court of the State of New York, First Department. I will refrain, therefore, from addressing this dispute and, instead, place this case on suspense until a decision is rendered by the state court.

In sum, defendant City's motion for summary judgment dismissing plaintiff's claim under 42 U.S.C. § 1983 is granted. Defendants' motion for summary judgment with respect to plaintiff's state law claims is denied. Plaintiff's cross-motion for summary judgment against the City and partial summary judgment against Officer Spooner also is denied. Plaintiff's claims under state law will be placed on suspense pending the state court's determination of whether plaintiff's notice of claim was timely filed. Defendants may renew their motion for summary judgment dismissing plaintiff's state claims at that time if it is appropriate.

SO ORDERED.