IT IS HEREBY ORDERED that defendant's motion to dismiss be and is GRANTED.

IT IS FURTHER ORDERED that plaintiff's complaint be and is DISMISSED with prejudice.

**Leslie GRIFFEN, Plaintiff,**

v.

**The CITY OF MOUNT VERNON and P.O. John Trippodo, Defendants.**

**No. 82 Civ. 5068 (DNE).**

United States District Court,
S.D. New York.

Jan. 13, 1983.

---

[1]. Plaintiff's attempts to distinguish the Supreme Court's holdings in *Ricks* and *Chardon* are not persuasive. Further, plaintiff contends that if the Court holds his charge to be untimely filed, the action should not be dismissed because the 180 day period is subject to equitable tolling in this case. Plaintiff, however, has come forward with no facts that would justify application of the doctrine of equitable tolling in this matter. *Needham v. Beecham,* 515 F.Supp. 460, 468 (D.Maine 1981) (burden is on plaintiff to show circumstances warranting application of doctrine of equitable tolling).

Friedman, Levy, Smith & Bottiglieri, P.C., New York City, for plaintiff; Richard D. Friedman, New York City, of counsel.

Wilson, Elser, Edelman & Dicker, New York City, for defendants; Vincent Fontana, New York City, of counsel.

## MEMORANDUM OPINION AND ORDER

EDELSTEIN, District Judge:

On August 4, 1982 plaintiff Leslie Griffen ("Griffen") filed a complaint in this action under the Civil Rights Act, 42 U.S.C. § 1983 against the City of Mount Vernon ("Mount Vernon") and one of its police officers, Officer John Trippodo ("Trippodo") alleging claims for unlawful detention, assault, battery, negligence and false arrest. Griffen alleges that on or about October 31, 1980, while he was waiting for Trippodo to give him a ticket for obstructing traffic, Griffen was, without provocation, unlawfully detained, and willfully and maliciously assaulted and beaten by Trippodo. Complaint, ¶¶ 12, 13. Plaintiff seeks damages in the amount of $1,000,000 with respect to each of four claims. On January 9, 1981 Griffen pleaded guilty to charges of disorderly conduct and harassment arising out of the October 31, 1980 incident.

On September 7, 1982 the court referred this action to Magistrate Kent Sinclair, Jr. pursuant to 28 U.S.C. § 636 to report and make findings and recommendations. On September 20, 1982 defendants moved pursuant to Fed.R.Civ.P. 12(b)(6) to dismiss the complaint for failure to state a claim under § 1983 upon which relief can be granted and for failure to commence the suit within the applicable statute of limitations.

On December 22, 1982 Magistrate Sinclair submitted to the court a "Recommended Decision on Motion to Dismiss."[1] Magistrate Sinclair recommended that defendants' motion to dismiss the action as time-barred should be denied, that Mount Vernon's motion to dismiss the § 1983 claims should be granted and that defendants' motion to dismiss the § 1983 claims based upon false arrest and false imprisonment should also be granted.

The court has considered Magistrate Sinclair's report, and agrees that defendants' contention that Griffen's claims are time-barred is without merit. In *Pauk v. Board of Trustees of City University of New York,* 654 F.2d 856, 861–66 (2d Cir. 1981) the court of appeals expressly rejected defendants' argument herein that the appropriate statute of limitations for § 1983 actions arising in New York is the one-year-and-ninety-day limitations period contained in N.Y.Gen.Mun.Law §§ 50–i, 50–k(6) (McKinney 1977 & Supp.1982). The *Pauk* court adopted the three-year limitations period contained in N.Y.Civ.Prac.Law and Rules § 214(2) (McKinney 1972), concluding that "§ 214(2) is the New York limitations provision that best fulfills the federal policies underlying § 1983 actions." *Id.* at 858. Thus, under the three-year statute of limitations, Griffen's complaint was filed within the appropriate time period.

The court also concurs in Magistrate Sinclair's analysis of the municipal liability issue under *Monell v. Department of Social Services of the City of New York,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) and

1. Pursuant to 28 U.S.C. § 636, the parties were given the opportunity to lodge written objections to the disposition recommended by Magistrate Sinclair within ten days of the date of the Recommended Decision. On January 4, 1983 plaintiff submitted to the court its "Objections to Recommended Decision on Motion to Dismiss."

*Owens v. Haas,* 601 F.2d 1242 (2d Cir.), *cert. denied,* 444 U.S. 980, 100 S.Ct. 483, 62 L.Ed.2d 407 (1979). In *Monell,* the Court held that municipalities may be liable where the allegedly unconstitutional action "implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell, supra.* Subsequent decisions make it clear that a municipality's mere failure to supervise its employees is not a sufficient predicate for liability under § 1983. *Rizzo v. Goode,* 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). However, a municipality may be held liable if it impliedly authorized, approved or encouraged the constitutional violation, *Turpin v. Mailet,* 619 F.2d 196, 201 (2d Cir.), *cert. denied,* 449 U.S. 1016, 101 S.Ct. 577, 66 L.Ed.2d 475 (1980), or if the failure to supervise was so severe as to constitute "gross negligence" or "deliberate indifference" to the deprivation of the plaintiff's constitutional rights. *Owens v. Haas, supra,* at 1246; *Leite v. City of Providence,* 463 F.Supp. 585, 589–91 (D.R.I.1978).

■ In response to Mount Vernon's motion to dismiss, plaintiff proposed amendments to his complaint to add allegations that Mount Vernon failed to adequately train, supervise and control Officer Trippodo and police officers generally, and failed to adequately discipline them for past misconduct. Plaintiff's Memorandum in Opposition at 17. Magistrate Sinclair deemed the complaint to be amended by the incorporation of these allegations and considered the motion to dismiss as if it were made against the proposed amendment. The court adopts this construction of the pleadings pursuant to Fed.R.Civ.P. 15(a).

The amended complaint is silent as to any facts that would support Griffen's claim that the municipality failed to supervise, train or discipline its police officers so as to bring it within the decision in *Owens v. Haas, supra.* Accordingly, the court agrees with Magistrate Sinclair's determination that under Fed.R.Civ.P. 12(b)(6) the amended complaint fails to state a claim under § 1983 against Mount Vernon upon which relief can be granted, and that the amended complaint should be dismissed as to it without prejudice. Griffen's request for limited discovery is inappropriate since the allegations are facially invalid. *See Owens v. Haas, id.; Whitley v. City of New York,* 518 F.Supp. 1318, 1320 (S.D.N.Y.1981).

■ The court also finds Magistrate Sinclair's assessment of the false arrest and false imprisonment claims to be correct. On January 9, 1981 Griffen pleaded guilty to charges of disorderly conduct and harassment arising out of the events of October 31, 1980. It is well settled that a plea of guilty is an effective bar to a subsequent § 1983 action based on a claim of false arrest and false imprisonment. *Pouncey v. Ryan,* 396 F.Supp. 126 (D.Conn.1975); *Bradford v. Lefkowitz,* 240 F.Supp. 969 (S.D.N.Y.1965). Therefore, Griffen's false arrest and false imprisonment claims are hereby dismissed.

SO ORDERED.