Laureano TORRES, Plaintiff,

v.

Detective Richard KNAPICH, and
Bart Worden, Defendants.

No. 96 Civ. 6748 (SAS).

United States District Court,
S.D. New York.

May 1, 1997.

B. Anthony Morosco, White Plains, NY, for
Plaintiff.

Kevin M. Loftus, O'Connor, McGuinness,
Conte, Doyle, Oleson & Collins, White Plains,
NY, for Defendant Knapich.

Peter P. Traub, Jr., Armienti, Brooks &
Dunphy, New York City, for Defendant Wor-
den.

## OPINION AND ORDER

SCHEINDLIN, District Judge.

Plaintiff seeks to amend his complaint for
the second time to add two additional causes
of action against the New Rochelle Police
Department ("NRPD").[1]  Defendants oppose

---

1. Plaintiff's Sixth Cause of Action asserts: "New
Rochelle Police Department was negligence [sic]
in supervising its' [sic] employees and contribut-
ed to the injuries stained [sic] by plaintiff.  Said
police department did unlawfully deprive plain-

tiff of eight days of freedom unconstitutionally."
Plaintiff's Seventh Cause of Action asserts: "New
Rochelle Police Department did cause plaintiff
[sic] name to be slandered and character desto-
ryed [sic]."

Plaintiff's motion, asserting that the additional causes of action would be futile on their face because Plaintiff failed to allege that his injuries were caused by a policy or custom of the NRPD. For the reasons set forth below, Plaintiff's motion is denied.

## I. FACTUAL BACKGROUND

Plaintiff is currently incarcerated at the Fishkill Correctional Facility. During his incarceration, he was also a client at the Guidance Center, a not-for-profit psychiatric clinic. On or about May 24, 1995, Alejandro Loretan ("Loretan"), another client of the Guidance Center, allegedly complained to Bart Worden ("Worden"), a psychiatric social worker employed there, that he had been sodomized by Plaintiff on the grounds of the clinic. After Worden allegedly relayed this information to the NRPD, Detective Knapich of the NRPD ("Knapich") arrested Plaintiff on May 31, 1995. Plaintiff claims that, during his lengthy interrogation, "Knapich physically and verbally abused plaintiff by punching and pushing him in an attempt to obtain a confession" from him, as well as prevented Plaintiff from contacting an attorney for more than three hours. Plaintiff's Proposed Second Amended Complaint at ¶ 9. Plaintiff was subsequently incarcerated for the next eight days, during which Knapich conducted an investigation of the matter, and allegedly made "false and defamatory statements to members of plaintiff's community concerning deviate sexual acts." Plaintiff's Proposed Second Amended Complaint at ¶ 19. Plaintiff was released from police custody on June 7, 1995, and on October 26, 1995, all charges against Plaintiff were dismissed. *See* Plaintiff's Unmarked Exhibit. Plaintiff was then discharged from the psychiatric treatment program in which he had been participating based in part on these incidents. *See* Letter from Worden to Plaintiff dated June 12, 1995 ("Worden Letter").

On September 6, 1996, Plaintiff commenced this *pro se* action pursuant to 42 U.S.C. § 1983.[2] He alleged that Defendants violated his federal due process rights by (1) failing to follow lawful procedures during his arrest; (2) denying him assistance of counsel during his interrogation; (3) beating him to force him to confess; and (4) wrongfully removing him from a psychiatric treatment program. On November 22, 1996, Plaintiff filed a motion to amend his Complaint.[3] Plaintiff filed his First Amended Complaint on December 3, 1996, in which he provided additional facts in support of his claims. On January 24, 1997, Plaintiff requested leave to file a proposed Second Amended Complaint.[4]

## II. LEGAL STANDARD FOR MOTION TO AMEND A COMPLAINT

Pursuant to Fed.R.Civ.P. 15(a), leave to amend a complaint is generally given freely. However, the court may exercise its discretion to deny leave in a number of circumstances. For example, prior to granting leave to amend, a court must examine the proposed claims to determine if they are futile on their face. *See Town of New Windsor v. Tesa Tuck, Inc.,* 919 F.Supp. 662, 678 (S.D.N.Y.1996); *Barrett v. U.S. Banknote Corp.,* 806 F.Supp. 1094, 1098 (S.D.N.Y.1992). If those claims would be futile, leave to amend should not be granted. *See Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). An amendment is considered futile if the amended pleading fails to state a claim or would be subject to a successful motion to dismiss on some other basis. *See, e.g., S.S. Silberblatt, Inc. v. East Harlem Pilot Block–Building 1 Housing Development Fund Co. Inc.,* 608 F.2d 28, 42 (2d

2. Plaintiff had also named Ken Writer ("Writer"), a reporter for Gannett Suburban Newspaper, as a defendant in his initial complaint, based on allegations that the publication of information regarding Plaintiff's arrest defamed Plaintiff's character. On September 9, 1996, pursuant to 28 U.S.C. § 1915(a), the claims against Writer were dismissed.

3. On the same date, Plaintiff also applied, unsuccessfully, for the appointment of counsel on the ground that he lacked sufficient knowledge of the

law to continue to maintain his claim *pro se.* Plaintiff was granted leave to renew his application for appointment of counsel. *See Torres v. Knapich,* No. 96 Civ. 6748, 1996 WL 692006 (S.D.N.Y. Nov.27, 1996).

4. Plaintiff retained counsel subsequent to the filing of his First Amended Complaint, but prior to the filing of his Proposed Second Amended Complaint. Plaintiff's counsel wishes to proceed with the Proposed Second Amended Complaint that Plaintiff prepared without assistance of counsel.

Cir.1979); *Chan v. Reno,* 916 F.Supp. 1289, 1302 (S.D.N.Y.1996).

## III. DISCUSSION

Because the Proposed Second Amended Complaint does not make clear which allegations are made against the NRPD alone, I will assume that all claims previously interposed against Knapich and Worden, except for Plaintiff's Fifth Cause of Action,[5] also apply to the NRPD. In order to hold a municipality liable for the actions of its employees, a plaintiff must allege the existence of a municipal policy or custom under which the employee acted. Absent this allegation of municipal policy or custom, a plaintiff's claims must be dismissed. Because Plaintiff has failed to allege such municipal policy or custom with respect to the claims he seeks to assert against the NRPD, Plaintiff's claims would be futile. Therefore, Plaintiff's motion to amend his complaint is denied.

### A. Municipal Liability Under 42 U.S.C. § 1983

■ To sue a municipality, a plaintiff must assert that the existence of a municipal 'policy or custom' was the cause of his injuries. Indeed, it is well-settled that:

[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.

*Monell v. Department of Social Services of City of New York,* 436 U.S. 658, 694, 98 S.Ct. 2018, 2037, 56 L.Ed.2d 611 (1978); *accord Dwares v. City of New York,* 985 F.2d 94 (2d Cir.1993); *Ricciuti v. N.Y.C. Transit Authority,* 941 F.2d 119 (2d Cir.1991); *Sarus v. Rotundo,* 831 F.2d 397 (2d Cir.1987). *See also Covington v. City of New York,* 916 F.Supp. 282, 288 (S.D.N.Y.1996) ("A municipality and its supervisory officials . . . may not be held liable in a § 1983 action for the conduct of a lower-echelon employee solely on the basis of respondeat superior."); *Griffen v. City of Mount Vernon,* 553 F.Supp. 1047, 1049 (S.D.N.Y.1983) ("[A] municipality's mere failure to supervise its employees is not a sufficient predicate for liability under § 1983.").

■ A plaintiff may show the existence of a municipal custom or policy through the production of circumstantial evidence. This evidence will be sufficient if it supports an inference that "the municipality . . . so failed to train its employees as to display a deliberate indifference to the constitutional rights of those within the jurisdiction." *Covington,* 916 F.Supp. at 288.

■ The Second Circuit has provided a three-pronged test for determining whether this "deliberate indifference" has been established. *Walker v. City of New York,* 974 F.2d 293, 297 (2d Cir.1992). A plaintiff has the burden to demonstrate that: (1) "a policymaker knows 'to a moral certainty' that her employees will confront a given situation"; (2) "the situation either presents the employee with a difficult choice of the sort that training or supervision will make less difficult or that there is a history of employees mishandling the situation"; and (3) "the wrong choice by the city employee will frequently cause the deprivation of a citizen's constitutional rights." *Id.* at 297–98. Only where these three elements have been established will a municipality be deemed to have been "deliberately indifferent" to the constitutional rights of citizens. *Id.* at 298.

### B. Plaintiff's Causes of Action

■ Plaintiff asserts, *inter alia,* that Loretan's mental illness should render Loretan's accusations against Plaintiff questionable. Plaintiff further alleges that Knapich acted

---

**5.** Plaintiff's Fifth Cause of Action asserts: "Bart Wordern [sic] working under color of the State of New York through his state license, used his state given prwer [sic] to remove plaintiff from the program at the Guidance Center for his own personal reasons; to wit he fabricated the alleged crime thereby slandering plaintiff's name and character. See: para. 1 through 23 of the statement of claim." Rather than implicate the NRPD, this claim appears to complain about the behavior of Worden alone. Because no relationship exists between Worden and the NRPD, Plaintiff's Fifth Cause of Action will not be considered for the purposes of this motion.

with malicious intent, and that his hatred of rapists was the reason that Knapich arrested Plaintiff for sodomy. *See* Plaintiff's Proposed Second Amended Complaint at ¶ 8. In support of this allegation, Plaintiff claims that there were no eyewitness to the alleged incident, nor were any medical reports filed relating to the alleged incident. Moreover, Plaintiff insists that, despite Knapich's investigation into the matter, no new evidence was uncovered. Most importantly, Plaintiff has failed to allege in any of his Causes of Action that Knapich's behavior was the result of a policy or custom of the NRPD.[6]

Municipal liability under § 1983 must be predicated upon proof that the injuries complained of resulted from a municipal policy or custom. Allegations of respondeat superior are insufficient to support a claim against a municipality. Plaintiff implicates the NRPD solely on the basis of the employment relationship that existed between Knapich and the NRPD. Because Plaintiff has not alleged a municipal policy or custom as the cause of his injuries, these proposed new claims would be subject to a successful motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## IV. CONCLUSION

For the aforementioned reasons, Plaintiff's proposed amendments would be futile and his motion to amend the First Amended Complaint is denied.

SO ORDERED.

---

**6.** In Plaintiff's First Cause of Action, he alleges that his arrest by Knapich was made without probable cause, in violation of the Fourth Amendment. In his Second Cause of Action, Plaintiff asserts a violation of the Fourth Amendment based on Knapich's alleged repeated denial of Plaintiff's requests for counsel during his custodial interrogation. In his Third Cause of Action, Plaintiff complains that he was subjected to an assault, specifically the alleged physical abuse committed by Knapich in an effort to elicit Plaintiff's confession. In his Fourth Cause of Action, Plaintiff alleges violations of his right to privacy, based on the information allegedly released by Knapich to a newspaper reporter and subsequently published in a local newspaper article. Plaintiff's proposed Sixth Cause of Action contains allegations of negligent supervision of police officers by the NRPD, false arrest, false imprisonment, and assault. Plaintiff's proposed Seventh Cause of Action alleges slander by the NRPD.