CHARLES F. CLEWLEY *vs.* BROWN THOMSON, INC.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued October 7th—decided November 5th, 1935.

*Wallace W. Brown,* with whom was *J. Harold Williams,* for the appellant (defendant).

*Louis M. Schatz,* with whom was *Joseph B. Griffen,* and, on the brief, *Nathan A. Schatz,* for the appellee (plaintiff).

MALTBIE, C. J. In his complaint the plaintiff alleged that on or about August 6th, 1932, he was an automobile salesman for the defendant, whose place of business is in Hartford; that in pursuance of an arrangement he had with it which permitted him to do so, he took an automobile and drove to Rhode Island; that due to a physical ailment his return to Hartford was delayed; that when he did return to Hartford he was accompanied by an agent of the defendant, to whom he related the circumstances which caused his failure to return promptly; that on his arrival he was arrested and confined in jail; that he was visited there by the general manager of the defendant who told him that the matter had been arranged and advised him to plead guilty; that he refused, was on August 16th presented in court and found guilty of taking the automobile without permission; that he gave notice of an appeal and, being unable to furnish bonds, was further confined in jail; that on August 26th his sentence was changed to one of imprisonment in the jail for thirty days, the sentence to date from August 16th; that shortly thereafter he was released; that the warrant for his arrest was issued at the request of the defendant without cause and the conviction was based upon false testimony by its agent; and that the damages he sustained were due to the malicious acts of the defendant in causing his arrest and detention when it knew he was lawfully in possession of the automobile and that it had no cause of action against him.

The conviction of the plaintiff would of course be a defense to any action he might bring against the defendant for malicious prosecution. *McGann* v. *Allen,* 105 Conn. 177, 188, 134 Atl. 810; *Fusario* v. *Cavallaro,* 108 Conn. 40, 42, 142 Atl. 391. Recognizing this, the plaintiff rested his claim upon the contention that an action for false imprisonment lies where one is confined under a process which is valid but is procured without there being any cause of action. In *Stoddard* v. *Bird,* Kirby, 65, the plaintiff sued to recover damages for his arrest and imprisonment upon civil process in an action in which a judgment of debt was subsequently recovered against him. It was agreed that the defendant had no cause of action against the plaintiff. The court was divided, separate opinions being rendered by the judges; the chief justice and two judges agreed that the verdict in the plaintiff's favor should be sustained, but judges Ellsworth and Sherman dissented. In *Luddington* v. *Peck,* 2 Conn. 700, the plaintiff sued in trespass for the taking of his body under an alias execution after the original had been paid and returned to court but without indorsement. The court held that as the alias execution was regularly issued upon a valid judgment and was not void on its face the plaintiff could not recover. Swift, C. J., said: "Trespass will not lie for an act done under a legal process, regularly issuing from a court of competent jurisdiction. Case only will lie; and that on the ground of malice, and want of probable cause. Trespass will lie only in cases where the process is irregular, and void upon the face of it. The question, then, in this case, is whether the execution, by force of which the plaintiff was imprisoned, was regularly issued upon a valid judgment?" In *Watson* v. *Watson,* 9 Conn. 140, a similar conclusion was reached where the plaintiff was sued in trespass

for the taking of his property under a replevin writ issued when the defendant knew he had no cause of action. An action for false imprisonment falls within the field of trespass; Amer. Law Institute Restatement, Torts, Vol. 1, p. 67; these cases are therefore authority against the plaintiff's contention. In *McGann* v. *Allen*, supra, we referred to the *Stoddard* case as holding that an action for false imprisonment would lie when the detention was under a process valid upon its face but procured by one without a cause of action, and added: "The better authority makes the distinction that in the case of a false imprisonment the detention must be wholly unlawful either because the process is void on its face, or the detention is without process." The statement quoted is undoubtedly correct; 25 C. J. 473; and is supported by our own cases.

If the proposition advanced by the plaintiff were sound, then any person who instigated a criminal prosecution resulting in imprisonment would be liable in damages, if the charge should ultimately be found not true, no matter how honestly and upon how reasonable a ground he had acted. Such a result certainly would not conform to a sound public policy. It would be necessary to qualify the right of action by requiring proof that there was at least no probable cause for the prosecution. So qualified the action would involve substantially the same basic elements as does that of malicious prosecution, and there would arise the strange situation that, where the plaintiff has been found guilty of the offense charged and been confined, upon virtually the same facts the defendant would not be liable in an action for malicious prosecution but would be in one for false imprisonment. The reason why conviction is a defense in an action for malicious prosecution is stated to be because it "is justly considered as conclusive evidence of probable cause."

*Brown* v. *Randall,* 36 Conn. 56, 61; *Frisbie* v. *Morris,* 75 Conn. 637, 640, 55 Atl. 9. Indeed, it would be very unlikely that where a plaintiff upon the evidence offered in the criminal court has been found guilty of the crime charged beyond a reasonable doubt there would be an absence of reasonable ground for prosecution. That being so, it would not accord with a sound public policy that the courts should be open to a relitigation of the issue of guilt in a civil action, with the direct attack that this would involve upon the judgment reached in the criminal prosecution. The same reasoning which makes conviction a defense in an action for malicious prosecution would apply as strongly to such a cause of action for false imprisonment as is here asserted, and if conviction is a defense in one so it should be in the other. The basis of the rule condones the fact that in the rare case, if there be any, where despite a conviction the plaintiff was not guilty and the defendant had no reasonable ground to believe that he was, the plaintiff must go remediless, at least as far as an action for false imprisonment is concerned.

An action for false imprisonment does not lie where the plaintiff has been detained under regular process duly issued by a court having jurisdiction. The trial court accepted the contrary contention of the plaintiff and based the charge upon it, with the result that the charge is necessarily erroneous. That being so, there is no need to review the assignments of error in detail. So far as appears no claim was made at the trial that the defendant was guilty of such a malicious instigation of criminal proceedings in securing the issuance of the process for its own private ends as would furnish the basis of any cause of action upon that ground, and we have therefore no occasion to consider such a claim.

There is error, the judgment is set aside and a new trial ordered.

In this opinion the other judges concurred.