## CLARENCE J. NAGLE
vs.
## W. RUSSEL BAIRD, ET AL.

Superior Court      New London County      File #11034

Present:   Hon. EDWIN C. DICKENSON, Judge.

Dunning, Gaberman & Fox,      Attorneys for the Plaintiff.

John P. Huntington,      Attorney for the Defendant.

## MEMORANDUM FILED DECEMBER 29, 1936.

DICKENSON, J. The action is against the Norwich Savings Society, its attorney Huntington, and its agent Baird. The bank had taken over hotel property and employed Baird as manager. Baird contracted with the plaintiff to take over a restaurant connected with the hotel. The plaintiff, it was agreed, was to pay no rent, was to take over the supplies of the former restaurateur at a reasonable price, buy his own supplies, pay the light and help charges and use the dishes and utensils then in the restaurant. The consideration running to the bank was the accommodation to the patrons of the hotel and service to the employees of the hotel at twenty cents a meal. Baird represented to the plaintiff that he would also be able to sell liquor on the old permit, but this was illegal as both Baird and the plaintiff were presumed to know but did not. The plaintiff was to have his profit on customers other than hotel employees.

It was made plain to the plaintiff by Baird that the bank intended to sell the hotel when and if it could and that if it did the agreement would terminate. It was further agreed, however, that the plaintiff would have a reasonable time to get out and it was out of this agreement that the instant action arose.

The plaintiff moved in May 2nd, 1934, and conducted business until and including June 22, 1934. Early in June

an item appeared in a local paper to the effect that the hotel had been sold. The plaintiff made inquiries concerning this but the defendants refused to disclose whether or not the report was true. The bank had entered into a Bond for Deed of the hotel property on June 1, 1934, as a matter of fact.

At about 10:30 A.M., June 22nd, the plaintiff was called to the bank and there found the bank president, the defendant Huntington and others. He was told for the first time that the hotel was sold and he would have to vacate by twelve noon. He refused to do this, asking for more time in which to vacate. In the afternoon another conference was held at which time he agreed to vacate at once if the bank set aside $1200. to pay his creditors. This the bank would not agree to. He then wanted two weeks in which to remove. The bank notified him to be out by midnight of that day, June 22nd.

The plaintiff apparently decided to hold the fort all night and did. He went out, however, a short time, early in the morning of June 23rd. When he returned the front door of the restaurant was locked on the inside and the side door into the hotel was padlocked on the outside. The plaintiff broke the padlock and started to open up for business as usual. The defendant Baird then telephoned the police station for an officer who came down at once. Baird requested the officer to arrest the plaintiff. The officer hearing of the dispute between the parties insisted that Baird call the police station again. At the station Baird was asked what charge he would make against the plaintiff. Baird then called up Huntington and then telephoned the station he would charge the plaintiff with breaking and entering. The plaintiff was then taken to the police station by the officer and booked for breaking and entering. He was released shortly on bail. His case came up on June 25th when the charge was made trespass and injury to personal property. He was acquitted.

As to the law of the case, it appears the plaintiff was not running the restaurant for the bank. He was a tenant paying his rent by serving the hotel employees at low rates and accommodating its patrons. "No particular words are necessary to constitute a lease where it appears that it was the intention of one party to dispossess himself of the premises and of the other to enter and occupy the premises as the former himself had the right to do." **McAdams, Landlord**

& Tenant 5 Ed. 180.

When such a relation exists possession cannot be obtained by the landlord against the will of the tenant by force. The landlord must resort to his legal remedy. **Larkin vs. Avery, et als, 23 Conn., 304.** By the same authority an agreement made at the time of the leasing, fixing "a proper time for the leaving premises" will be taken into consideration.

If the relationship in the instant case must be named it would seem to be in the nature of a conditional estate, the conditions being subsequent. **McAdams, supra Pages 49, 50, 53.**

The estate terminated upon the sale of the property. Within a reasonable time thereafter the plaintiff was required to vacate. Upon failure, summary process would be the remedy. **Larkin vs. Avery, et als, supra.**

It is apparent, then, that the defendant bank breached its agreement. The plaintiff was given a few hours in which to move out and when he failed to was locked out. When he broke the padlock and re-entered he was within his rights. **Larkin vs. Avery, et als, supra. Orentlicherman vs. Matarese, 99 Conn., 122, 126.** He was arrested without warrant and charged with a felony at the direction of the defendant Baird, acting on advice of the defendant Huntington for doing this. All three defendants were parties to it for while the bank and Baird acted upon advice of counsel, Mr. Huntington, the counsel, was more than counsel; he was an agent of the bank and directing the prosecution as an agent of the bank. **McGann vs. Allen, 105 Conn., 177.**

The action is not one for false imprisonment as was the case of **Clewley vs. Brown Thomson, Inc., 120 Conn. 440,** relied upon by the defendants, but for malicious prosecution. The charge was without probable cause and arose out of an attempt to secure a private advantage over the plaintiff. It was, therefore, malicious prosecution. **Thompson vs. Beacon Valley Rubber Co., 56 Conn., 493.**

Ignorance of the law may not be taken as a defense. The prosecution was directed by a lawyer employed by the bank for that purpose.

As to the question of damages the plaintiff claims he has been injured in business, in reputation and incurred legal

expenses as a result of the defendant's conduct. It appears that after the plaintiff's discharge in the police court he returned to his restaurant and stayed there a few days when an agreement was made between the parties by which for a consideration the plaintiff vacated.

As to the plaintiff's reputation, business and otherwise, there is little satisfactory evidence. For some years prior to his taking over the restaurant he had been engaged with his wife in running a boarding house in another town. His wife continued the business after he left. The business was not profitable at the time, nor was the restaurant profitable during the time the plaintiff conducted it. As to the effect of the publicity the matter received, the only evidence of its effect is the plaintiff's own testimony that he heard no talk except sympathy for him because of his arrest.

But the high-handed manner in which the defendants brought about the plaintiff's arrest caused the plaintiff humiliation and entitle him to punitive damages. His costs in defending himself in the police court and prosecuting this action are substantial. It is found he is entitled to seven hundred ($700) dollars damages and judgment is directed for him to recover that amount against the defendants.