JOHN J. MCMAHON *v.* PASQUALE FLORIO

BALDWIN, C. J., KING, MURPHY, MELLITZ and SHEA, Js.

Argued October 7—decided December 6, 1960

*Alfonse C. Fasano,* for the appellant (defendant).

*William F. Geenty,* for the appellee (plaintiff).

BALDWIN, C. J. This is an action for malicious prosecution. The trial court directed a verdict for the defendant and thereafter granted the plaintiff's motion to set the verdict aside on the ground that the court mistook the law pertaining to whether the conviction of the plaintiff upon a prosecution instituted by the defendant constituted conclusive proof of probable cause when the conviction was reversed on appeal. The defendant has appealed.

The facts can be briefly stated. The plaintiff and defendant were members of rival factions in the Democratic party in East Haven. The defendant operated a restaurant in that town. On December 21, 1955, he had been charged in the Town Court of East Haven with breach of the peace arising out of difficulty with his wife. The plaintiff came to the defendant's restaurant on January 11, 1956. He claims that the defendant offered him money to obtain the dismissal of the charge in the Town Court because a conviction could result in the suspension of the defendant's license to sell intoxicating liquors in his restaurant. The defendant, on the other hand, claims that the plaintiff told him that if he wanted to get out of the breach of the peace charge he had better pay $750, and threatened to inform the state police that the defendant was running strip-tease shows in his restaurant. The defendant, after consulting with his attorney, complained to the prosecuting attorney of the Town Court on February 25, 1956. The prosecuting attorney secured a signed statement from the defendant, caused an investigation to be made by the state police, and, after he had consulted with the state's attorney for New Haven County, caused a warrant to be issued on March 22, 1956, directing the plaintiff's arrest upon a charge of attempted blackmail and extortion. General Statutes §§ 53-40, 54-60.

The plaintiff was tried in the Town Court of East Haven on March 31, 1956. After all the evidence was in, the court found him not guilty of the charge of attempted blackmail and extortion but directed the prosecuting attorney to amend the complaint to charge him with a breach of the peace under what is now § 53-174. The court found him guilty on this charge and imposed a fine. The parties are agreed that the finding of guilty upon the charge of breach of the peace was predicated upon the evidence adduced on the charge of attempted blackmail and extortion. The plaintiff appealed the conviction to the Court of Common Pleas, where, after a trial to the court, he was acquitted on June 12, 1956.

In the trial of the case at bar in the Superior Court, the defendant relied on the conviction of the plaintiff on the charge of breach of the peace and claimed that, although the conviction was reversed on appeal, it conclusively established probable cause. To maintain an action for malicious prosecution, the plaintiff must prove want of probable cause. *Zenik* v. *O'Brien,* 137 Conn. 592, 595, 597, 79 A.2d 769, and cases cited. A valid judgment of conviction upon the charge instituted is a conclusive defense. *Clewley* v. *Brown Thomson, Inc.,* 120 Conn. 440, 442, 181 A. 531; *Goodrich* v. *Warner,* 21 Conn. 432, 443. In its memorandum of decision setting aside the directed verdict, the trial court stated that it was motivated in directing the verdict for the defendant by the principle set forth in Restatement, 3 Torts § 667: "(1) The conviction of the accused by a magistrate or trial court although reversed by an appellate tribunal, conclusively establishes the existence of probable cause, unless the conviction was obtained by fraud, perjury or other corrupt means." The rule stated represents the majority viewpoint. 34 Am. Jur. 737 § 55, 738

§ 56; note, 59 A.L.R.2d 1413, 1420. In *Goodrich* v. *Warner,* supra, after stating that a judgment of conviction from which no appeal is taken is conclusive evidence of probable cause, we said (p. 443) : "But if, upon a full and fair trial, the evidence against the plaintiff was sufficient to satisfy the court of his guilt, that circumstance will afford strong presumptive evidence of probable cause, existing at that time, although, upon a subsequent trial, and perhaps upon other and further testimony, a jury might be of opinion, that it was not sufficient to justify a conviction." The principle stated was correct and adequate for the purposes of that case, wherein one of the issues was whether testimony given before the magistrate whose judgment of conviction had been reversed on appeal was admissible on the issue of probable cause. Ordinarily, a conviction in a lower court, although reversed on appeal, is conclusive evidence of probable cause. But it ceases to be conclusive if the plaintiff in the action for malicious prosecution can, upon proper pleadings, establish that his conviction was obtained by fraud, perjury or other corrupt means; and evidence is admissible for this purpose.

Whether particular facts constitute probable cause is a question of law. *Paranto* v. *Ball,* 132 Conn. 568, 571, 46 A.2d 6. In the case at bar, the plaintiff alleged that he was found guilty in the Town Court of breach of the peace "in consequence of the false testimony of the defendant." In its memorandum of decision, the court indicates that it failed to take into consideration the purport of this allegation and properly to instruct the jury thereon, but instead relied solely upon the proof of the conviction as being conclusive. Under the rule set forth in the Restatement as quoted hereinbefore, and we accept

that rule as the correct one, the issue whether the plaintiff's conviction in the Town Court was obtained by fraud, perjury or other corrupt means should have been submitted with proper instructions to the jury to be resolved by them as an issue of fact. Generally, directed verdicts are not favored. See Maltbie, Conn. App. Proc. § 202. Where a verdict is, however, directed and the court thereafter concludes that an error of law was committed, the proper course is to set the verdict aside. *Ardoline* v. *Keegan,* 140 Conn. 552, 555, 102 A.2d 352. Opportunity is thus afforded for a new trial or, under our present practice, an appeal. Practice Book § 377. The trial court did not err in setting aside the directed verdict.

There is no error.

In this opinion the other judges concurred.