Richard POUNCEY et al.

v.

Dennis RYAN et al.

Civ. No. 15739.

United States District Court,
D. Connecticut.

June 20, 1975.

Michael Avery, New Haven, Conn., for plaintiffs.

Roger J. Frechette, M. Mitchell Morse, New Haven, Conn., T. Paul Tremont, Bridgeport, Conn., for defendants.

*MEMORANDUM OF DECISION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT*

NEWMAN, District Judge.

This action against three New Haven police officers is brought pursuant to 42 U.S.C. § 1983, and is in the nature of the common law tort actions of false arrest and false imprisonment. Plaintiffs' claim is essentially that all three defend-

ants knowingly arrested them without probable cause; they allege that defendants Ryan and Cacioli perjured themselves in an affidavit submitted in support of an application for a search warrant and that Cacioli again perjured himself in an affidavit submitted in support of an application for a Superior Court bench warrant for plaintiffs' arrest. *Cf. United States* v. *Hunt,* 496 F. 2d 888, 893–94 (5th Cir. 1974). See also *United States* v. *Gonzalez,* 488 F.2d 833 (2d Cir. 1973). Defendants have moved for summary judgment, urging that the action is barred by the judgments of conviction, which still stand, that the State obtained on charges growing out of the arrests.

The complaint, which is undisputed for the purposes of this motion, alleges that on May 15, 1970, defendants Ryan and Cacioli submitted an affidavit to a judge of the then Connecticut Circuit Court, for the purpose of obtaining a search warrant. On the basis of that affidavit, which plaintiffs claim contained intentional misstatements, the judge issued a warrant authorizing the search of certain premises at 10 Sylvan Avenue in New Haven, and of the persons of both plaintiffs and a woman who is not a party to this action. All three defendants arrested plaintiffs later that same day, and felony informations were filed in Sixth Circuit Court. On May 20, 1970, defendant Cacioli filed with the clerk of the Circuit Court a "return and inventory," claiming to have searched the premises and persons authorized by the warrant, and to have seized narcotics during those searches. On July 15, 1970, defendant Cacioli executed an affidavit, also claimed by plaintiffs to contain perjury, that was allegedly used by the State's Attorney for New Haven County to procure a bench warrant from a judge of the Superior Court. The bench warrant issued, and plaintiffs were rearrested. On April 16, 1971, plaintiffs entered pleas of guilty to separate, substituted informations

charging them with possession of heroin in violation of Conn.Gen.Stat. § 19–481(a).

The motion for summary judgment must be granted. Section 1983 is to be interpreted against the background of common law tort liability, *Pierson* v. *Ray,* 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967), and defenses available at common law remain available under the Civil Rights Act, *cf. Bivens* v. *Six Unknown Named Agents,* 456 F.2d 1339 (2d Cir. 1972). The present action, as plaintiffs concede, is similar to the common law actions of false arrest and false imprisonment, and in neither of these actions is a plaintiff permitted to challenge probable cause in the face of a valid judgment of conviction. *E. g., McMahon* v. *Florio,* 147 Conn. 704, 166 A.2d 204 (1960); *Clewley* v. *Brown Thomson, Inc.,* 120 Conn. 440, 181 A. 531 (1935). See 1 Harper & James, The Law of Torts § 4.12.

Harsh as this rule may seem, expecially where the tort plaintiff alleges that probable cause for his arrest was made to appear only because of police perjury, it nevertheless reflects a policy choice that has survived repeated attack over a period of many years. Society chooses to allow a criminal judgment of conviction to immunize arresting officers from liability in civil litigation for arrest without probable cause, in part because it is so unlikely that a conviction will be obtained in circumstances where the arrest was without probable cause, see *Clewley* v. *Brown Thomson, Inc., supra,* 120 Conn. at 444, 181 A. 531, and in part because of the impact, perhaps marginal, that the policy has in furthering the highly-valued goal of apprehending offenders. See 1 Harper & James, The Law of Torts § 4.12. The theory is that some extra number of offenders will be caught if the police officer is willing to arrest, knowing that his arrest, without probable cause, will not subject him to liability if a conviction results.

██ The application of this policy is most appropriate where, as here, the conviction resulted from a voluntary plea of guilty. In the present case plaintiffs not only stood in open court and acknowledged their guilt of the offenses with which they were charged, but they also acknowledged, under questioning by the judge who took the pleas, substantial elements of the probable cause which they now challenge. Moreover, plaintiffs do not allege that they in any way ever attempted to attack the conviction.[1] Compare *McMahon* v. *Florio, supra.*

Plaintiffs suggest that their guilty pleas should not bar the action because they were tendered only to avoid the higher penalties that were anticipated if they went to trial, encountered allegedly perjurious testimony of the defendants, and were thereby convicted, and to terminate a lengthy pre-trial incarceration. The speculation underlying the first of these reasons cannot be permitted to undermine the finality that must be accorded the tactical decision the plaintiffs made in tendering their pleas of guilty, and since the criminal trial was under way when plaintiffs elected to plead guilty, the second explanation also fails to provide justification for departing from a settled rule of law. The convictions based on those pleas would have defeated plaintiffs' actions at common law, and they consequently bar this Civil Rights Act suit.

██ Accordingly, the motion for summary judgment is granted, and the complaint is dismissed on its merits.[2]

---

1. It is not clear whether a § 1983 action may ever serve as the vehicle for attacking a state court criminal conviction. *See Pueschel* v. *Leuba*, 383 F.Supp. 576, 581 (D. Conn.1974) ; *Moran* v. *Mitchell*, 354 F.Supp. 86, 88–89 (E.D.Va.1973). The present case does not raise the question, however, primarily because the defendants in this action lack the power to set aside the convictions, even if a court were to order such relief. In addition, plaintiffs never attempted to take advantage of the procedures for attacking the conviction, either directly or collaterally, that are provided by the State of Connecticut. Even at this relatively late date, it may be that such remedies are still available. Exhaustion of state remedies or a demonstration of their unavailability, a prerequisite to the invocation of the federal habeas corpus statute, 28 U.S.C. § 2241, would be a substantial factor in deciding to depart from the general rule, *see e. g., Goss* v. *Illinois*, 312 F.2d 257 (7th Cir. 1963), that § 1983 may not be used to attack a criminal conviction. *Compare Pueschel* v. *Leuba, supra.*

2. The parties joined issue on whether the action is barred by the doctrine of issue preclusion, or collateral estoppel. There is some question as to whether a state court criminal judgment ought ever be given collateral estoppel effect in a Civil Rights action, *see Pueschel* v. *Leuba, supra*, 383 F. Supp. at 582, and cases there cited. In any event, it seems that the doctrine is unavailable as a defense in the present action at the very least because the issue plaintiffs seek to litigate was not determined in, and was not necessary to the judgment in the state court criminal proceeding. *Compare e. g., Thistlethwaite* v. *City of New York*, 497 F. 2d 339 (2d Cir. 1974) ; and *Brazzell* v. *Adams*, 493 F.2d 489 (5th Cir. 1974), *with Kauffman* v. *Moss*, 420 F.2d 1270, 1273–75 (3d Cir. 1970). *But see Metros* v. *United States District Court*, 441 F.2d 313 (10th Cir. 1971) ; *Palma* v. *Powers*, 295 F.Supp. 924, 936 (N.D.Ill.1969). Whether the state court judgment of conviction ought to bar this suit because of *res judicata*, despite the difference in parties, *see Rosenberg* v. *Martin*, 478 F.2d 520, 525 (2d Cir. 1973), also need not be decided. Plaintiffs' suit is barred neither by collateral estoppel nor *res judicata* but by a common law immunity, which, though doctrinally different, may well be based in part on policy considerations that underlie principles of issue and claim preclusion.