**Andrew KONON**

v.

**Jay FORNAL, James DiPietro and Allan Thompson.**

**Civ. No. H–84–739.**

United States District Court,
D. Connecticut.

May 17, 1985.

Steven L. Seligman, Lester Katz and James A. Armentano, Katz & Seligman, Hartford, Conn., for plaintiff.

Grant Miller, Jr., Robert E. Beach, Jr. and Geoffrey Naab, Naab & Danforth, Hartford, Conn., for defendants.

---

## RULING ON DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

BLUMENFELD, Senior District Judge.

This is an action brought pursuant to 42 U.S.C. § 1983 in which the plaintiff claims that three East Hartford police officers physically abused him and later preferred false criminal charges against him. The complaint alleges, *inter alia,* claims of malicious prosecution, false imprisonment, and the use of excessive force by the defendants. The defendants have moved for partial summary judgment, arguing that plaintiff's claims of malicious prosecution and false imprisonment are barred as a matter of law.

As set forth in the Statement of Material Facts Not In Dispute which was submitted by the defendants in support of this motion, and which was not disputed by the plaintiff, the following facts are accepted as true for purposes of this motion:

1. The plaintiff, Andrew Konon, was charged with the crimes of Assault on a Police Officer (Conn.Gen.St. § 53a–167c) and Breach of Peace (§ 53a–181) following the incident alleged in the complaint.

2. Following his arrest, Andrew Konon was placed in a jail cell for a short time prior to his release on bond.

3. In response to said charges, Andrew Konon applied for, and was granted, accelerated rehabilitation, pursuant to Conn. Gen.Stat. § 54–56e (formerly § 54–76p).

4. As a condition of his accelerated rehabilitation, Andrew Konon was placed on probation for 30 days.

5. The criminal charges against Andrew Konon were dismissed on December 2, 1983, after he successfully completed his period of probation.

### Discussion

One of the elements that a plaintiff must show in order to maintain a section 1983 action for malicious prosecution is that the criminal proceeding at issue was terminated in his favor. *See Singleton v. City of New York,* 632 F.2d 185, 194–95 (2d Cir.1980), *cert. denied,* 450 U.S. 920, 101 S.Ct. 1368, 67 L.Ed.2d 347 (1981); *Appletree v. City of Hartford,* Ruling on Defendants' Motion for Summary Judgment, No. H–81–992 (D.Conn. February 27, 1984), slip op. at 13. In this case the charges against the plaintiff were disposed of through Connecticut's accelerated rehabilitation law, Conn.Gen.Stat. § 54–56e [1] (formerly § 54–

1. Conn.Gen.Stat. § 54–56e provides:

   **§ 54–56e. Accelerated pretrial rehabilitation**

   There shall be a pretrial program for accelerated rehabilitation of persons accused of a crime, not of a serious nature. The court may, in its discretion, invoke such program on motion of the defendant or on motion of a state's attorney or prosecuting attorney with respect to an accused who, the court believes, will probably not offend in the future and who has no previous record of conviction of crime and who states under oath in open court under the penalties of perjury that he has never had such program invoked in his behalf, provided the defendant shall agree thereto and provided notice has been given by the accused, on a form approved by rule of court, to the victim or victims of such crime, if any, by registered or certified mail and such victim or victims have an opportunity to be heard thereon. This section shall not be applicable to any person charged with a violation of section 14–227a, 53a–56b or 53a–60d. Unless good cause is shown, this section shall not be applicable to persons accused of a class A, class B, or class C felony or to any youth who has previously been adjudged a youthful offender under the provisions of sections 54–76b to 54–76n, inclusive. Any defendant who enters such program shall agree to the tolling of any statute of limitations with respect to such crime and to a waiver of his right to a

76p). Disposition of a case through section 54–56e is not a termination favorable to the accused for purposes of bringing a later section 1983 action for malicious prosecution. *Singleton v. City of New York,* 632 F.2d at 193–94.

In *Singleton,* the Second Circuit considered New York's equivalent of Connecticut's accelerated rehabilitation procedure, N.Y.Crim.Proc. Law § 170.55.[2] There, a plaintiff with a malicious prosecution claim had applied for and received an "adjournment in contemplation of dismissal" pursuant to N.Y.Crim.Proc. Law § 170.55. The Second Circuit held that such an adjournment was not a disposition favorable to the accused as was necessary for purposes of pressing his malicious prosecution claim:

> speedy trial. Any such defendant shall appear in court and shall be released to the custody of the office of adult probation for such period, not exceeding two years, and under such conditions as the court shall order. If the defendant refuses to accept, or, having accepted, violates such conditions, his case shall be brought to trial. If such defendant satisfactorily completes his period of probation, he may apply for dismissal of the charges against him and the court, on finding such satisfactory completion, shall dismiss such charges. Upon such dismissal all records of such charges shall be erased pursuant to section 54–142a.

**2.** N.Y.Crim.Proc.Law § 170.55 provides:

**§ 170.55 Adjournment in contemplation of dismissal**

1. Upon or after arraignment in a local criminal court upon an information, a simplified information, a prosecutor's information or a misdemeanor complaint, and before entry of a plea of guilty thereto or commencement of a trial thereof, the court may, upon motion of the people or the defendant and with the consent of the other party, or upon the court's own motion with the consent of both the people and the defendant, order that the action be "adjourned in contemplation of dismissal," as prescribed in subdivision two.

2. An adjournment in contemplation of dismissal is an adjournment of the action without date ordered with a view to ultimate dismissal of the accusatory instrument in furtherance of justice. Upon issuing such an order, the court must release the defendant on his own recognizance. Upon application of the people, made at any time not more than six months after the issuance of such order, the court may restore the case to the

Proceedings are "terminated in favor of the accused" only when their final disposition is such as to indicate the accused is not guilty, Restatement (Second) of Torts § 660, Comments a & b (1977). An adjournment in contemplation of dismissal, like a consent decree, involves the consent of both the prosecution and the accused and leaves open the question of the accused's guilt.

. . . .

. . . The fact that it is common for judges granting adjournments in contemplation of dismissal to establish behavioral requirements which the defendant must meet during the adjournment period in order to avoid having the case restored to the calendar, . . . confirms that an adjournment in contemplation of

calendar upon a determination that dismissal of the accusatory instrument would not be in furtherance of justice, and the action must thereupon proceed. If the case is not so restored within such six months period, the accusatory instrument is, at the expiration of such period, deemed to have been dismissed by the court in furtherance of justice.

3. In conjunction with an adjournment in contemplation of dismissal the court may issue a temporary order of protection pursuant to section 530.12 of this chapter, requiring the defendant to observe certain specified conditions of conduct.

4. The court may grant an adjournment in contemplation of dismissal on condition that the defendant participate in dispute resolution and comply with any award or settlement resulting therefrom.

5. The court may as a condition of an adjournment in contemplation of dismissal order, require the defendant to perform services for a public or not-for-profit corporation, association, institution or agency. Such condition may only be imposed where the defendant has consented to the amount and conditions of such service. The court may not impose such conditions in excess of the length of the adjournment.

6. The granting of an adjournment in contemplation of dismissal shall not be deemed to be a conviction or an admission of guilt. No person shall suffer any disability or forfeiture as a result of such an order. Upon the dismissal of the accusatory instrument pursuant to this section, the arrest and prosecution shall be deemed a nullity and the defendant shall be restored, in contemplation of law, to the status he occupied before his arrest and prosecution.

dismissal is far from being "in all respects favorable to the defendant."

... If an adjournment in contemplation of dismissal were held to be a result favorable to the defendant for purposes of bringing an action for malicious prosecution, fewer prosecutors would be willing to consent to such adjournments. No purpose would be served in dismissing the criminal case if the issue of guilt or innocence were in any event to be litigated in a civil suit.

*Singleton v. City of New York*, 632 F.2d at 193–94.

The reasoning of the court in *Singleton* is equally applicable to Connecticut's accelerated rehabilitation law and is adopted by this court. *See id.* Summary judgment is therefore granted in favor of the defendants with respect to plaintiff's claims for malicious prosecution.

■ Defendants also seek summary judgment with regard to plaintiff's claims of false imprisonment. It is clear that if the plaintiff had been convicted of either of the crimes with which he was charged, or of any lesser included offenses, this would be conclusive proof of probable cause which would defeat his claim of false imprisonment. *See Pouncey v. Ryan*, 396 F.Supp. 126, 127 (D.Conn.1975). The defendants argue that this rule should also be extended to the present situation in which the plaintiff applied for and received accelerated rehabilitation and now contends that his temporary incarceration was without probable cause.

■ The defendants' argument is well taken. Having decided that the criminal charge at issue in the state court was not disposed of in a manner favorable to the plaintiff, thereby precluding the plaintiff from pressing his malicious prosecution claim in this section 1983 action, it would be anomalous to allow the plaintiff to challenge here the existence of probable cause for his arrest and incarceration for that *same* criminal charge. If the plaintiff in this case were permitted to go forward with his claim of false imprisonment, "there [c]ould arise the strange situation

that ... upon virtually the same facts the defendant would not be liable in an action for malicious prosecution but would be in one for false imprisonment." *Clewley v. Brown Thomson, Inc.*, 120 Conn. 440, 443, 181 A. 531 (1935).

Further, the policy reasons underlying Judge Newman's decision in *Pouncey v. Ryan, supra,* are also applicable here. Judge Newman held that a conviction by guilty plea on a lesser included offense of the one charged, barred a subsequent section 1983 action for false arrest and false imprisonment:

Section 1983 is to be interpreted against the background of common law tort liability, *Pierson v. Ray*, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967), and defenses available at common law remain available under the Civil Rights Act, *cf. Bivens v. Six Unknown Named Agents*, 456 F.2d 1339 (2d Cir.1972). The present action, as plaintiffs concede, is similar to the common law actions of false arrest and false imprisonment, and in neither of these actions is a plaintiff permitted to challenge probable cause in the face of a valid judgment of conviction. *E.g., McMahon v. Florio*, 147 Conn. 704, 166 A.2d 204 (1960); *Clewley v. Brown Thomson, Inc.*, 120 Conn. 440, 181 A. 531 (1935). See 1 Harper & James, The Law of Torts § 4.12.

Harsh as this rule may seem, especially where the tort plaintiff alleges that probable cause for his arrest was made to appear only because of police perjury, it nevertheless reflects a policy choice that has survived repeated attack over a period of many years. Society chooses to allow a criminal judgment of conviction to immunize arresting officers from liability in civil litigation for arrest without probable cause, in part because it is so unlikely that a conviction will be obtained in circumstances where the arrest was without probable cause, see *Clewley v. Brown Thomson, Inc., supra,* 120 Conn. at 444, 181 A. 531, and in part because of the impact, perhaps marginal, that the policy has in furthering the high-

ly-valued goal of apprehending offenders. See 1 Harper & James, The Law of Torts § 4.12. The theory is that some extra number of offenders will be caught if the police officer is willing to arrest, knowing that his arrest, without probable cause, will not subject him to liability if a conviction results.

396 F.Supp. at 127 (1975). While disposition of a criminal charge through a guilty plea requires the court to find that there is a factual basis for the plea, disposition through the accelerated rehabilitation law requires no findings of fact with respect to the defendant's guilt or innocence. However, it is unlikely that the accused will choose disposition pursuant to section 54–56e if there was no probable cause for his arrest. It would make no sense to allow an accused to bypass the criminal system with its various safeguards concerning probable cause, only to be able to turn around and claim in a subsequent civil action that there was no probable cause for his arrest. If disposition pursuant to the accelerated rehabilitation law were held to leave open the plaintiff's right to bring a subsequent section 1983 action for false arrest and false imprisonment, fewer prosecutors would be willing to consent to such dispositions. The net result would be that the clear policy behind the accelerated rehabilitation law—to give one accused of a crime not of a serious nature, who would probably not offend in the future, and who is a first-time offender, a one-time chance at personal rehabilitation without incurring the risk of a full trial on the merits of the information—would be thwarted. In light of these policy considerations, the plaintiff's section 1983 claim for false imprisonment is barred. In reaching this decision, this court has fully considered and recognizes that barring plaintiff's section 1983 claim for false imprisonment "condones the fact that in the rare case, if there be any, where despite [plaintiff's application to proceed pursuant to the accelerated rehabilitation law] the plaintiff was not guilty and the defendant had no reasonable ground to believe that he was, the plaintiff must go remediless as far as an action for false imprisonment is

concerned." *Clewley v. Brown Thomson, Inc.*, 120 Conn. 440, 444, 181 A. 531 (1935). Accordingly, summary judgment is granted in favor of the defendants with respect to plaintiff's claims for false imprisonment.

 The court also notes that under Rule 9(a) of the Local Rules of Civil Procedure for the United States District Court, District of Connecticut, failure to submit a memorandum in opposition to a motion may be deemed sufficient cause to grant the motion. The plaintiff has submitted no response whatsoever in opposition to this motion for partial summary judgment.

In light of the foregoing, defendants' motion for partial summary judgment is granted in all respects.

SO ORDERED.