993 F.2d 1551
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Eugene MYERS, Plaintiff-Appellant,
v.
Kathy DIAMOND, Detective; Richard McKelvie, Deputy County
Attorney; Nick Roberts, Deputy County Sheriff,
Defendants-Appellees.
 No. 92-4186.
 United States Court of Appeals, Tenth Circuit.
 May 11, 1993.
 
 ORDER AND JUDGMENT*
 Before McKAY, SETH and BARRETT, Circuit Judges.
 BARRETT, Senior Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); Tenth Cir.R. 34.1.9. This cause is therefore ordered submitted without oral argument.
 
 
 2
 Eugene Myers, a state prisoner appearing pro se and in forma pauperis, appeals from an order of the district court dismissing with prejudice his civil rights action brought pursuant to 42 U.S.C. § 1983.
 
 
 3
 Myers pled guilty to state forgery charges. Subsequent thereto Myers filed the instant federal civil rights action alleging that: his Fourth Amendment rights were violated when he was arrested without probable cause; his car was unlawfully stopped; an envelope was unlawfully seized from his car; his apartment was unlawfully searched; and that he was unlawfully incarcerated in jail. Defendants-appellees responded that Myers' complaint failed to state a claim upon which relief can be granted; Myers' arrest was based on probable cause; and that Myers' car and apartment were properly searched.
 
 
 4
 The district court, after finding that Myers had been lawfully stopped, that he had pled guilty to the forgery for which he was arrested, and that he had failed to establish that the search of his home was invalid, entered an order dismissing Myers' complaint with prejudice.
 
 
 5
 On appeal, Myers contends that: the summary denial of relief despite the fact that his pro se complaint was before the court and the summary denial was ordered in his absence constituted a denial of his constitutional right to be heard; plain error was committed by the summary denial of his complaint when the Magistrate Judge had found that he (Myers) had raised meritorious issues and the district court had agreed with the Magistrate Judge's Report and Recommendation.
 
 
 6
 We have reviewed the entire record. We AFFIRM the district court's order dismissing Myers' complaint substantially for the reasons set forth in the district court's order of September 17, 1992, a copy of which is attached hereto.
 
 
 7
 AFFIRMED. The mandate shall issue forthwith.
 
 ATTACHMENT
 DAVID E. YOCOM (# 3581)
 Salt Lake County Attorney
 By: PATRICIA J. MARLOWE (# 2084)
 Deputy County Attorney
 2001 South State Street # S3400
 Salt Lake City, Utah 84190-1200
 Telephone: (801) 468-2615
 
 8
 IN THE UNITED STATES DISTRICT COURT DISTRICT OF UTAH, CENTRAL DIVISION
 
 
 9
 EUGENE MYERS, Plaintiff,
 
 
 10
 --vs--
 
 
 11
 KATHY DIAMOND (sic), et al., Defendants.
 
 Civil No. 87-C-139J
 ORDER OF DISMISSAL
 
 12
 This matter came before the Court, the Honorable Bruce S. Jenkins, United States District Judge, on September 10, 1992, at 1:30 p.m. for pretrial conference. James McPhie appeared for plaintiff and Patricia J. Marlowe, Deputy Salt Lake County Attorney appeared for defendants. Discussion was held as to uncontested facts. Defendants renewed their Motion to Dismiss and this Court granted the motion for the reasons discussed below.
 
 FACTUAL BACKGROUND
 
 13
 On January 20, 1987, Barbara Harris, using the name Ada Vigil, presented a Mutual of Omaha check for payment at Harmons' check booth. Payment was refused after a computer check indicated that Ada Vigil was passing forged checks. Nick Roberts, an off duty deputy Salt Lake County Sheriff, working for Harmons' security, was summoned to the check booth where he questioned Barbara Harris about the check and was told that her sister-in-law was in a gold car waiting for her in the parking lot. Defendant Roberts also telephoned a Salt Lake City Police Detective and received information that Ada Vigil and accomplices had been passing forged checks drawn on the account of Mutual of Omaha in Salt Lake City. The Salt Lake County Sheriff's Office was called and came to Harmons and arrested Barbara Harris.
 
 
 14
 Plaintiff and Shelley Acker were stopped by a deputy sheriff and defendant Roberts in Harmons' parking lot in a gold Cadillac belonging to plaintiff and being driven by Shelley Acker. Defendant Roberts seized a manila envelope from the floor of plaintiff's car and found that it contained forged checks drawn on Mutual of Omaha's account and payable to Ada Vigil, as well as, an identification card for Dorothy Hart and bearing a photograph of Shelley Acker.
 
 
 15
 A Harmons' employee identified Shelly Acker as the person who had passed a forged Mutual of Omaha check at Harmons on January 19, 1990 using the name and identification of Dorothy Hart. Plaintiff and Shelly Acker were arrested and plaintiff's car was impounded and inventoried.
 
 
 16
 Defendant Diamant, a Salt Lake County Detective, interviewed Barbara Harris on January 20, 1987, and she stated that plaintiff Myers had given her the forged check to cash at Harmons and that plaintiff Myers had been using a typewriter and check protector at his apartment to fill in checks and that she had been kept at plaintiff Myers' apartment against her will. This and other information was sworn to by defendant Diamant in an affidavit in support of the search warrant issued for plaintiff's apartment. A typewriter, paper with check protection writing, a xeroxed Mutual of Omaha check and other items were seized during the search of plaintiff's apartment.
 
 
 17
 Plaintiff was charged with multiple counts of forgery, including the aforementioned January 20, 1987 incident and he pleaded guilty to the January 20, 1987 forgery on September 12, 1988.
 
 DISCUSSION
 
 18
 First of all, plaintiff claims that defendant Roberts violated his Fourth Amendment rights by arresting him without probable cause. This claim is without merit and should be dismissed because plaintiff pleaded guilty to the January 20, 1987 forgery for which he was arrested and his conviction by plea is a complete defense to a § 1983 action asserting arrest without probable cause. Malady v. Crunk, 902 F.2d 10 (8th Cir.1990).
 
 
 19
 Plaintiff's claim that he was unlawfully incarcerated in jail should also be dismissed because plaintiff's conviction by plea is a complete defense to a claim for unlawful incarceration. Cameron v. Fogarty, 806 F.2d 380, 387 (2nd Cir.1986); Pouncey v. Ryan, 396 F.Supp. 126 (D.Conn.1975).
 
 
 20
 Plaintiff's claim that the seizure of the manila envelope from his car was in contravention of the Fourth Amendment is also without merit and should be dismissed because the envelope that defendant Roberts seized inevitably would have been discovered during the lawful inventory impound of plaintiff's car. Nix v. Williams, 467 U.S. 431 (1984).
 
 
 21
 Plaintiff complains that the stopping of his car was unlawful because it was an arrest without probable cause. Not every detention of a person is an arrest requiring probable cause; rather, consistent with the Fourth Amendment, a police officer may detain a person if the officer has reasonable suspicion that the person has committed or is about to commit a crime. Terry v. Ohio, 392 U.S. 1 (1968); Adams v. Williams, 407 U.S. 143 (1972) and Brown v. Texas, 443 U.S. 47 (1979). In the present case, it is clear that defendant Roberts had a reasonable suspicion that the plaintiff and Shelley Acker, the occupants of plaintiff's car, may have been parties to the forgery committed by Barbara Harris. Hence, the stopping of plaintiff was not unlawful and not in contravention of the Fourth Amendment and this claim should be dismissed.
 
 
 22
 Next, plaintiff complains that defendant Diamant violated his Fourth Amendment rights by searching his apartment pursuant to a facially invalid warrant and seizing property therefrom. Examination of the search warrant shows that it is regular on its face, that it describes with particularity the place to be searched and the items to be seized. Hence, the search warrant is facially valid and defendant Diamant's search of plaintiff's apartment pursuant thereto was not in contravention of plaintiff's Fourth Amendment rights.
 
 
 23
 Lastly, plaintiff complains that the search of his apartment was in contravention of his Fourth Amendment rights because the search warrant was obtained based upon false statements made by Barbara Harris to defendant Diamant and contained in the affidavit sworn to by defendant Diamant. Even if plaintiff were able to establish the falsity of Barbara Harris' statements to defendant Diamant, plaintiff has no evidence that defendant Diamant knowingly, intentionally or with reckless disregard for the truth included false statements in her affidavit for search warrant. Furthermore, it is irrelevant whether Barbara Harris lied to defendant Diamant unless plaintiff Myers can establish that defendant Diamant knew Barbara Harris was lying or with reckless disregard for the truth, included those lies in her affidavit for search warrant. Franks v. Delaware, 438 U.S. 154 (1978). Since plaintiff has no evidence to show that defendant Diamant knowingly or with reckless disregard for the truth included false statements in her affidavit for search warrant, plaintiff's claim that the search warrant was obtained in violation of his rights is without merit and should be dismissed.
 
 CONCLUSION
 
 24
 For the reasons set forth above, defendants' Motion to Dismiss is GRANTED and plaintiff's complaint is DISMISSED WITH PREJUDICE.
 
 
 25
 IT IS SO ORDERED this 17 day of September, 1992.
 
 BY THE COURT:
 
 26
 /s/ BRUCE S. JENKINS
 
 United States District Court Judge
 
 
 *
 This Order and Judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata or collateral estoppel. 10th Cir.R. 36.3