*Dalessio v. City of Bristol*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of April, two thousand nineteen.

PRESENT:
　　　　　ROBERT A. KATZMANN,
　　　　　　　　*Chief Judge,*
　　　　　JOSÉ A. CABRANES,
　　　　　SUSAN L. CARNEY,
　　　　　　　　*Circuit Judges*.

_____

STEVEN DALESSIO,

　　　　　　*Plaintiff-Appellant*,

　　　v.　　　　　　　　　　　　　　　　　　No. 18-1265

CITY OF BRISTOL,

　　　　　　*Defendant-Appellee*.

_____

For Plaintiff-Appellant Steven Dalessio:　　　Steven Dalessio, *pro se*, New Britain, CT.

For Defendant-Appellee City of Bristol:　　　James N. Tallberg, Andrew J. Glass, Karsten & Tallberg, LLC, Rocky Hill, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Underhill, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Steven Dalessio, proceeding *pro se*, sued the City of Bristol, Connecticut, under 42 U.S.C. § 1983 for violations of the Fourth, Fifth, Eighth, and Fourteenth Amendments and Connecticut state law. The district court dismissed his complaint *sua sponte*, informed Dalessio that he could make a motion to "reopen" the judgment to amend his complaint, and entered judgment on March 15, 2018. On March 27, 2018, Dalessio filed a motion requesting leave to file an amended complaint. The district court denied the motion on April 17, 2018. Dalessio filed a notice of appeal from the judgment on April 24, 2018. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We must first assure ourselves that we have jurisdiction to hear Dalessio's appeal. In a civil case, Federal Rule of Appellate Procedure 4(a)(1)(A) requires a party to file a notice of appeal within thirty days of the entry of the judgment or order being appealed. This requirement is jurisdictional. *Bowles v. Russell*, 551 U.S. 205, 214 (2007). Here, Dalessio's notice of appeal was filed forty days after the district court entered its March 15 judgment, which falls outside that thirty-day period. However, an appeal becomes ripe only when a district court enters a "final" judgment. *See* 28 U.S.C. § 1291. Therefore, "[e]ven if a separate judgment is filed, the courts of appeals must still determine whether the district court intended the judgment to represent the final decision in the case." *Bankers Tr. Co. v. Mallis*, 435 U.S. 381, 385 n.6 (1978) (per curiam).[1] In this case, although

---

[1] Unless otherwise indicated, case quotations omit all internal quotation marks, alterations, footnotes, and citations.

the district court's March 15 judgment marked the case "closed," the order that formed the basis for the judgment explicitly told Dalessio that he could seek leave to reopen the judgment and amend the complaint. This is therefore not a case in which "the district court intended to take no further action"; to the contrary, it indicated that it was "still actively engaged" in the case and would continue to adjudicate it should Dalessio seek to amend the complaint. *Houbigant, Inc. v. IMG Fragrance Brands, LLC*, 627 F.3d 497, 498 (2d Cir. 2010) (per curiam). Instead, we find that the district court's April 17 denial of the motion to amend functioned as the definitive final judgment in this case, and that Dalessio's April 24 notice of appeal is timely.

We therefore move to the merits. Dalessio asserts that he was arrested without proper investigation; that a Bristol police detective, a psychologist, his ex-wife, and his former stepdaughter manufactured evidence to support his arrest on a sex offense; and that he was never read his *Miranda* rights. This Court reviews the *sua sponte* dismissal of a complaint *de novo*. *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004). *Pro se* submissions "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (per curiam).

The district court properly dismissed Dalessio's constitutional claims. First, Dalessio cannot state a Fifth Amendment claim because "the failure to give *Miranda* warnings does not create liability under § 1983." *Neighbour v. Covert*, 68 F.3d 1508, 1510 (2d Cir. 1995) (per curiam).

Next, Dalessio's Eighth Amendment claim fails because the Cruel and Unusual Punishments Clause "applies only after . . . criminal prosecutions," *Whitley v. Albers*, 475 U.S. 312, 318 (1986), and Dalessio's allegations relate to conduct occurring before he was convicted of any crime. Dalessio argues on appeal that his Eighth Amendment claim is instead based on an excessive amount of bail. But Dalessio did not assert this claim or any allegations to support it in his

3

complaint. *See Virgilio v. City of New York*, 407 F.3d 105, 116 (2d Cir. 2005) (noting that this Court generally "refrain[s] from passing on issues not raised below").

Dalessio's Fourth Amendment claim, which we read to allege false arrest and/or imprisonment, also fails. The district court determined that Dalessio could assert claims against only the City of Bristol because the individuals mentioned in the complaint were not included in the caption as defendants. Dalessio has moved this Court for leave to amend his complaint to add those individuals as defendants. *See* Dkt. No. 89. This motion is denied because, even if we were to include these defendants, Dalessio cannot state a claim. This Court looks to Connecticut law for the elements necessary to prove false arrest or imprisonment under § 1983. *See Russo v. City of Bridgeport*, 479 F.3d 196, 203-04 (2d Cir. 2007). Under Connecticut law, a valid conviction acts as a defense to a false arrest or imprisonment claim. *See Roesch v. Otarola*, 980 F.2d 850, 853-54 (2d Cir. 1992); *Clewley v. Brown, Thomson, Inc.*, 181 A. 531, 532-33 (Conn. 1935). Dalessio was convicted of the crime with which he was charged. He thus cannot plead false arrest or imprisonment under § 1983.

Finally, Dalessio cannot state any of his federal claims against the City of Bristol. Municipalities, and individuals sued in their official capacity, are liable under § 1983 only if the challenged conduct was "pursuant to a municipal policy or custom," *Patterson v. Cty. of Oneida*, 375 F.3d 206, 226 (2d Cir. 2004), or caused by a "failure to train," *Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006). Dalessio has alleged no facts showing that the Bristol police acted pursuant to an unconstitutional policy or custom or that the City failed to train its police officers.

Because the district court properly dismissed Dalessio's federal law claims, the district court did not abuse its discretion by declining to exercise supplemental jurisdiction over his state law

4

claims. *See Kolari v. N.Y.-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006).[2]

We have considered all of Dalessio's contentions on appeal and have found in them no basis

for reversal. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[2] Dalessio moves to strike the appellee's brief and appendix, supplement the record on appeal, and amend his prayer for relief. Dkt. Nos. 64, 72, 73, 107. These motions are denied as moot.