(June 9, 1975)

■ ALFRED H. ANDERSON et al., Respondents, v AMBAC INDUSTRIES, INCORPORATED, FORMERLY AMERICAN BOSCH ARMA CORP., et al., Appellants. —In an action, *inter alia,* to recover damages from a union for unfair representation, defendants appeal from an order of the Supreme Court, Nassau County, dated December 5, 1973, which denied their motion for summary judgment. The appeal also brings up for review so much of an order of the same court, dated March 5, 1974, as, upon reargument, adhered to the original determination. Appeal from order dated December 5, 1973 dismissed, without costs. That order was superseded by the order granting reargument. Order dated March 5, 1974 reversed insofar as reviewed, on the law, without costs; motion for summary judgment granted, and complaint dismissed. Plaintiffs have alleged no facts to show that at the time of the modification of the agreement in question they were union members to whom a duty of fair representation was owed; nor have they alleged facts to show that any such duty was breached, even if they were union members. A bare statement that they were treated differently than other union members, assuming *arguendo* that they were union members, is not enough to show unfair representation. We do not think this case falls, even arguably, within the provisions of title 29 (§ 158, subd [b], pars [1], [3]) of the United States Code which confers exclusive and pre-emptive jurisdiction in the National Labor Relations Board, as suggested by defendants, but even if it did, the State courts would not be without jurisdiction of a cause of action for unfair representation *(Arnold Co. v Carpenters,* 417 US 12). Finally, summary judgment should have been granted as to the defendant employer in any event since the cause of action alleging a conspiracy between it and the union is entirely unsupported by the facts. No cause of action for unfair representation, the only other ground stated in the complaint, can be stated against the employer. Gulotta, P. J., Martuscello, Christ, Brennan and Shapiro, JJ., concur.