**Robert CAMARANO, Plaintiff,**

v.

**The CITY OF NEW YORK, Kenny Graham, et ano., Defendants.**

**No. 82 Civ. 4418(MEL).**

United States District Court, S.D. New York.

Jan. 10, 1984.

Robert Camarano, pro se.

Frederick A.O. Schwarz, Jr., Corp. Counsel, New York City, for City of New York and Kenny Graham; Evelyn Jonas, Asst. Corp. Counsel, New York City, of counsel.

LASKER, District Judge.

The City of New York moves to dismiss the complaint as to it for failure to state a claim upon which relief can be granted. The motion is granted. The complaint, liberally construed, alleges the use of excessive force in Camarano's arrest on February 9, 1982, and asserts that Camarano has been unlawfully deprived of his liberty in that criminal proceedings were instituted against him based upon a coerced confession and in the absence of probable cause for his arrest. The complaint is brought under 42 U.S.C. § 1983.

█ As to the City of New York, the only basis of liability alleged in the complaint is the City's employment of Kenny Graham, the police officer who arrested Camarano.[1] Such a claim is insufficient under *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), which requires an allegation that the mu-

nicipal employee acted pursuant to an unlawful policy or practice maintained by the municipality if the municipality is to be held liable under section 1983. See also *Dominguez v. Beame*, 603 F.2d 337 (2d Cir.1979), *cert. denied*, 446 U.S. 917, 100 S.Ct. 1850, 64 L.Ed.2d 271 (1980). Accordingly, the City of New York is entitled to be dismissed from the case.

█ Defendant Kenny Graham moves to amend his answer to assert a defense of res judicata and collateral estoppel based upon Camarano's conviction of weapons possession charges on November 18, 1982 in Supreme Court, New York County, which conviction occurred subsequent to the filing of Camarano's complaint and the defendants' answer. The motion to amend the answer is granted, there being no prejudice resulting from the addition of these legal defenses.

Graham also moves for summary judgment based upon his amended answer, contending the Camarano's conviction collaterally estops him from asserting a section 1983 claim based upon alleged violations of his constitutional rights in his arrest and prosecution. In *Gargiul v. Tompkins*, 704 F.2d 661 (2d Cir.1983), *petition for cert. filed*, 52 U.S.L.W. 3122 (U.S. Aug. 8, 1983) the law of this Circuit as to the collateral estoppel effect, in an action under § 1983, of prior state court proceedings, was summarized as follows:

> "[w]hile a § 1983 plaintiff may not relitigate constitutional claims actually determined in a prior state court proceeding, we have held that a prior state court proceeding does not bar federal court consideration of constitutional claims not actually litigated and determined in that proceeding."

704 F.2d at 665–66 (citations omitted).

█ It follows that Camarano's conviction does not estop his section 1983 claim insofar as it is based upon the alleged use of excessive force resulting in injury in Camarano's arrest, since the issue of the

---

1. Kristine Hamann has already been dismissed as a defendant based upon prosecutorial immu-

nity. *See* Endorsement of November 1, 1982.

**20**

amount of force used in his arrest was not litigated in the criminal proceedings.[2]

■ The trial transcript does reflect, however, that the question of the voluntariness of Camarano's statements to the police was litigated at trial. The jury was instructed that it should disregard the statements if it found them to have been involuntarily made.[3] Accordingly, this issue cannot be relitigated in a section 1983 proceeding.

The record does not reflect, however, whether the issue of probable cause for Camarano's arrest was actually litigated at trial. Although the trial court announced its denial of a motion to suppress at the outset of the case, the record does not show whether the court was referring to the suppression of Camarano's statements, or of evidence challenged as the fruits of an illegal arrest, or both. Accordingly, the record before this Court should be supplemented to reflect in what way, if any, the issue of probable cause was litigated at trial.[4]

In sum, the motion to dismiss the complaint as to the City of New York is granted. The motion to amend the answer is granted. The motion for summary judgment is granted as to the issue of the voluntariness of Camarano's statements, denied as to the issue of the use of excessive force in the arrest, and denied without prejudice to renewal on a fuller record as to the issue of probable cause.

It is so ordered.

---

**2.** Indeed, the state judge specifically ruled during the course of the trial that evidence of alleged brutality in Camarano's arrest was irrelevant. *See* trial transcript at p. 196.

**3.** Tr. pp. 399–404. Presumably the submission of this issue to the jury followed the denial of a pretrial motion to suppress the statements.

**4.** We note the statement in *Cameron v. Fogarty,* 705 F.2d 676, 678, n. 3 (2d Cir.1983), that "the issue whether a conviction bars a subsequent civil rights claim based on lack of probable cause to arrest" has never been addressed in this Circuit. This statement is somewhat puzzling in light of *Gargiul v. Tompkins, supra,* and the cases cited therein. In any event, before ruling on whether collateral estoppel applies the record should be clear as to whether the probable cause issue was actually litigated.