**Robert CAMARANO, Plaintiff,**

**v.**

**The CITY OF NEW YORK, Kenny Graham, New York City Police Officer, Kristine Hamann, Assistant District Attorney, Defendants.**

**No. 82 Civ. 4418(MEL).**

United States District Court, S.D. New York.

Jan. 10, 1986.
As Amended March 25, 1986.

Donovan Leisure Newton & Irvine, New York City (John H. Walsh, of counsel), for plaintiff.

Frederick A.O. Schwarz, Jr., Corp. Counsel, New York City (Evelyn Jonas, Asst. Corp. Counsel, of counsel), for defendants.

LASKER, District Judge.

In this Section 1983 action Camarano, who until recently was a *pro se* litigant, asserts claims against the City of New York and Kenny Graham[1] alleging "the use of excessive force in Camarano's arrest of February 9, 1982, and ... that Camarano has been unlawfully deprived of his liberty in that criminal proceedings were instituted against him based upon a coerced confession and in the absence of probable cause for his arrest." *Camarano v. The City of New York,* 577 F.Supp. 18, 19 (S.D.N.Y. 1984).

Subsequent to the filing of his complaint in this action Camarano was tried and convicted in New York State Supreme Court for weapons possession. Thereafter, the defendants moved (1) to amend their complaint to assert as a defense that the *res judicata*/collateral estoppel effect of the state criminal conviction precluded some of Camarano's claims; (2) for summary judgment on the same grounds; and (3) to dismiss the complaint as to the City for failure to state a claim since the complaint contained no allegation that Graham acted pursuant to City policy. On January 10, 1984 the City's motion was granted and the complaint against it was dismissed. *See id.* In addition, summary judgment (1) was granted as to the voluntariness of Camarano's confession on the ground that the issue was barred by collateral estoppel since it had been litigated in the state criminal trial;[2] (2) was denied with respect to the claim of excessive force since the trial judge specifically had precluded as irrelevant evidence of alleged brutality; and (3) was denied without prejudice to renewal on a fuller record as to the issue of probable cause because the record was inadequate to determine whether probable cause was raised and litigated in the Supreme Court. *Id.* at 19–20.

Following the January 1984 decision Camarano moved to reargue the defendants' motion or in the alternative for permission to file an interlocutory appeal. He then filed an amended complaint which, among other things, re-stated his claim against the City. Although Camarano failed properly to move to amend his complaint pursuant to Federal Rule of Civil Procedure 15(a), defendants, believing that Camarano's amended complaint rendered moot his motion for reargument or to take an interlocu-

1. An earlier complaint also named as a defendant Kristine Hamann, Assistant District Attorney. Ms. Hamann was dismissed from the complaint based on prosecutorial immunity. *Camarano v. The City of New York,* 577 F.Supp. 18, 19 (S.D.N.Y.1984). Accordingly, she is dismissed from the amended complaint.

2. Camarano again argues that his confession was involuntary and coerced. For the reasons set forth in our earlier opinion, *id.,* the claim is dismissed.

tory appeal, consented to the filing of the proposed amended complaint.

The City of New York and police officer Kenny Graham now move to dismiss Camarano's amended complaint on the grounds (1) that the amended complaint still fails to state a claim against the City; (2) that the amended complaint fails to state an actionable claim of excessive force; and (3) that in light of the recent decision in *Migra v. Warren School District Board of Education*, 465 U.S. 75, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984), the state criminal conviction for weapons possession bars relitigation of the claim of unlawful arrest without probable cause.

A.

Defendants again seek dismissal of the claims against the City based on *Monell v. Dept. of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), asserting that the amended complaint fails to allege a specific city policy or custom.

Camarano's amended complaint alleges that "Graham's ability to confine plaintiff for three days in a controlled and coercive environment" and the "municipality's deliberate indifference to a practice created by its employees" are sufficient to infer a *de facto* policy upon which liability could be established. He adds that if his amended complaint against the City is dismissed, it should be dismissed without prejudice to amendment of the complaint to name as John Doe defendants other police officers and employees responsible for mistreatment of plaintiff.

In *City of Oklahoma City v. Tuttle*, — U.S. —, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985), reversible error was found because the district court's charge to the jury permitted the jury to infer that a single, unusually excessive use of force was attributable to inadequate supervision amounting to deliberate indifference on the part of the city officials. The Court held that under *Monell* a single instance of unconstitutional activity by a city employee was insufficient to impose civil rights liability on the city unless there was proof that the employee's actions were undertaken pursuant to a policy attributed to a municipal policymaker.

Here, as in *Tuttle*, no city policymaker is charged with unconstitutional activity. Camarano's allegation of a single instance of mistreatment by a police officer, a three-day confinement, is insufficient to establish an unconstitutional municipal policy attributed to a municipal policymaker. Further, Camarano's conclusory allegation that the city showed "deliberate indifference to a practice created by its employees" does not render the complaint sufficient without factual support. Accordingly, the complaint against the City is dismissed.[3]

B.

Defendants contend that Camarano's civil rights claim of illegal arrest and search should be dismissed because they are barred by the collateral estoppel effect of the state criminal trial proceedings.

Plaintiff denies that the issues were litigated and decided in the prior proceeding.[4]

A federal court must give a state court judgment the same preclusive effect as would be given under the law of the state in which judgment was rendered. *Migra v. Warren School District Board of Education*, 465 U.S. 75, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984) (civil judgment); *Haring v. Prosise*, 462 U.S. 306, 103 S.Ct. 2368, 76

3. Camarano suggests that if the claim against the City is dismissed he should be allowed to amend his complaint to name as John Doe defendants the unknown police officers and other employees and agents responsible for his interrogation and mistreatment. This request is not considered since Camarano has failed properly to move to amend his complaint pursuant to FED.R.CIV.P. 15(a).

4. Camarano also argues that he preserved his federal claims in accordance with *England v. Medical Examiners*, 375 U.S. 411, 84 S.Ct. 461, 11 L.Ed.2d 440 (1963). However, *England*, a decision concerning federal court abstention, is inapplicable here.

L.Ed.2d 595 (1983) (criminal judgment). Under New York law, two requirements must be met before collateral estoppel may be invoked: "There must be an identity of issue which has necessarily been decided in the prior action and is decisive of the present action, and, second, there must have been a full and fair opportunity to contest the decision now said to be controlling." *Schwartz v. Public Admin. of Co. of Bronx*, 24 N.Y.2d 65, 71, 298 N.Y.S.2d 955, 960, 246 N.E.2d 725 (1969). Collateral estoppel does not bar litigation of issues not previously raised, but it does foreclose issues which were necessarily decided in the first action, either by actual determination or necessary implication. *Chisholm-Ryder Co., Inc. v. Sommer & Sommer*, 78 A.D.2d 143, 144, 434 N.Y.S.2d 70, 72 (4th Dept.1980).

Camarano does not dispute the theory that a subsequent conviction precludes relitigating the legality of the underlying arrest. However, he argues that that proposition is not controlling here because at the time of his allegedly unlawful arrest he was charged with robbery but his subsequent conviction was for illegal weapons possession, the robbery charges having been dropped some time after his arrest.

In reply to Camarano's assertion, the defendants have submitted an arrest report from which it appears that when he was arrested Camarano was charged with both illegal weapons possession and robbery. Upon these facts collateral estoppel would bar Camarano's claim for unlawful arrest. *Alexander v. City of Peekskill*, 80 A.D.2d 626, 436 N.Y.S.2d 327 (2d Dept. 1981). However, as plaintiff correctly points out,[5] the arrest report is outside the pleadings and therefore may not properly be considered on a motion to dismiss. Accordingly, pursuant to FED.R.CIV.P. 12(b) the parties are put on notice that the motion to dismiss the claim for unlawful arrest "shall be treated as one for summary judgment and disposed of as provided in Rule 56." Moreover, summary judgment will be entered for the defendants unless within thirty days of the filing of this Memorandum Camarano presents pertinent material which raises a genuine issue.

Camarano maintains that he is not precluded from asserting his claim for unlawful search because the only issue relating to the legality of the search that was litigated in the state court was whether he had standing to assert a fourth amendment violation (since he was merely a passenger in the car that the weapons were found in). The argument is without merit. A determination that Camarano lacked standing is tantamount to an adjudication that Camarano's constitutional rights were not violated. Moreover, without the requisite standing, Camarano could no more assert a fourth amendment claim in this court than he could in state court. Accordingly, the claim alleging an unlawful search is dismissed. *See Palma v. Powers*, 295 F.Supp. 924, 934–35 (N.D.Ill.1969).

C.

Relying solely on the allegations of the amended complaint, defendants maintain that Camarano's claim of excessive force should be dismissed since Graham followed proper police procedure for the application of force. Camarano answers that when read together, the consolidated allegations are sufficient to state a claim.

Apparently viewing the amended complaint as supplemental, Camarano did not repeat in his later filing the allegations set forth in the original complaint. Although the amended complaint states only that "Graham's weapon was drawn even before a chase began", Amended Complaint at ¶ 11, the original complaint alleges that "plaintiff was thrown to the ground, beaten, kicked and held over the highway median." Complaint at ¶ 10.

Since *pro se* civil rights complaints should be read "with ... generosity," *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir.) *cert. denied*, 414 U.S. 1033, 94 S.Ct.

5. *See* Letter of John H. Walsh, Esq. (Oct. 18, 1985).

462, 38 L.Ed.2d 324 (1973), Camarano's complaint must be given the benefit of incorporation. Clearly, the consolidated allegations state a cause of action for excessive force. However, since Camarano is now represented by counsel, counsel is instructed to file an amended complaint consolidating, but not exceeding the allegations contained in the two pleadings and to do so within thirty days.

Conclusion

For the foregoing reasons defendants' motion to dismiss the amended complaint against the City is granted. The claims against Graham for unlawful arrest will be dismissed and summary judgment will be entered unless within thirty days Camarano files pertinent material pursuant to FED.R.CIV.P. 56. The claim for illegal search is dismissed. Defendants' motion to dismiss the cause of action for excessive force is denied.

It is so ordered.