Robert CAMARANO, Plaintiff,

v.

The CITY OF NEW YORK, Kenny Graham, New York City Police Officer, Kristine Hamann, Assistant District Attorney, Defendants.

No. 82 Civ. 4418(MEL).

United States District Court, S.D. New York.

Oct. 29, 1986.

Donovan Leisure Newton & Irvine, New York City, for plaintiff; John H. Walsh, of counsel.

Frederick A.O. Schwarz, Jr., Corp. Counsel, City of New York, New York City, for defendants; Evelyn Jonas, Asst. Corp. Counsel, of counsel.

LASKER, District Judge.

This Section 1983 action, in which Robert Camarano alleges the use of excessive force in his February 9, 1982 arrest and asserts that criminal proceedings were instituted against him based on a coerced confession and in the absence of probable cause for his arrest and search, has already been the subject of two opinions. *See Camarano v. City of New York*, 577 F.Supp. 18 (S.D.N.Y.1984) (*Camarano I*); *Camarano v. City of New York*, 624 F.Supp. 1144 (S.D.N.Y.1986) (*Camarano II*). In those decisions the complaint against the City of New York and the Assistant District Attorney was dismissed, summary judgment was granted for defendants as to the voluntariness of Camarano's confession, the claim alleging unlawful search was dismissed, and the motion to dismiss the cause of action for excessive force was denied. The only issue left open was the motion to dismiss Camarano's claim that his arrest was unlawful.

Subsequent to the filing of the complaint in this action, Camarano was convicted of three weapons possession charges in Supreme Court, New York County, on November 18, 1982. Defendants have contended that Camarano's subsequent conviction precludes relitigation of the legality of the underlying arrest in a civil rights action. In response, Camarano argued on the last motion that his claim could not be barred "because at the time of his allegedly unlawful arrest he was charged with robbery but his subsequent conviction was for illegal weapons possession, the robbery charges having been dropped some time after his arrest." *Camarano II*, 624 F.Supp. at 1147. Defendants replied to Camarano's assertion by submitting an arrest report from which it appeared that when he was arrested Camarano was charged with both illegal weapons possession and robbery. *Id.* We concluded on these facts that collateral estoppel would bar Camarano's claim for unlawful arrest. However, since the arrest report lay outside the pleadings and therefore could not be considered on a motion to dismiss, the parties were put on notice pursuant to Fed. R.Civ.P. 12(b) that the motion to dismiss would be treated as one for summary judgment and disposed of as provided under Rule 56. Camarano was granted thirty days in which to present material which raised a genuine issue of fact on the question of the preclusive effect of his criminal conviction. *Id.*

Plaintiff has presented no material that contradicts the arrest report submitted by defendants or rebuts the proposition that he was convicted of a weapons possession offense with which he was originally charged. Camarano does, however, raise three objections to the granting of summary judgment on his unlawful arrest claim. He argues (1) that he has not had an adequate opportunity to conduct discovery that would enable him to develop his claim; (2) that under the applicable law his conviction does not preclude adjudication of his civil rights claim for unlawful arrest; and (3) that a dismissal of the count of the indictment relating to the pertinent weapons possession charge for insufficiency of evidence, which occurred prior to his reindictment and conviction on that charge, constitutes probative evidence of the absence of probable cause at the time of his arrest.

### A.

Plaintiff's contention that he has not had an opportunity to conduct sufficient dis-

covery to develop his claim to this stage of the case is without merit. Although he asserts that defendants' superior access to information "is clearly indicated by their ability to produce in a surprise attachment to a Reply Memorandum on a Motion to Dismiss a document purporting to contain information of the sort sought by plaintiff more than a year before," Plaintiff's Memorandum of Law In Opposition To Motion For Summary Judgment at 8–9 (March 17, 1986), Camarano has now been given the opportunity to discover and present any information bearing on the arrest report submitted by defendants. The only issue contested on this motion is the effect of Camarano's prior conviction, and he has not indicated what might be discovered in connection with this issue if he had further time to conduct discovery. Moreover, it should be noted that it was Camarano—not defendants—who first raised the issue of a lack of connection between the arrest and the conviction, and defendants' submission of the arrest report merely constituted a rebuttal to plaintiff's contention.

### B.

Camarano's argument that the applicable law does not support the preclusion of his unlawful arrest claim is also unpersuasive. A central "principle[ ] governing [a] determination whether a § 1983 claimant will be collaterally estopped from litigating an issue on the basis of a prior state-court judgment" is that "Title 28 U.S.C. § 1738 generally requires 'federal courts to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so.'" *Haring v. Prosise*, 462 U.S. 306, 313, 103 S.Ct. 2368, 2373, 76 L.Ed.2d 595 (1983) (quoting *Allen v. McCurry*, 449 U.S. 90, 96, 101 S.Ct. 411, 415, 66 L.Ed.2d 308 (1980)). Under New York law, there are two requirements for the application of the doctrine of collateral estoppel: "There must be an identity of issue which has necessarily been decided in the prior action and is decisive of the present action, and, second, there must have been a full and fair opportunity to contest the decision now said to

be controlling." *Schwartz v. Public Administrator of County of Bronx*, 24 N.Y.2d 65, 71, 298 N.Y.S.2d 955, 960, 246 N.E.2d 725, 729 (1969).

■ In *Alexander v. City of Peekskill*, 80 A.D.2d 626, 436 N.Y.S.2d 327 (2d Dept. 1981), a case in which a man who had pleaded guilty to a charge of reckless endangerment subsequently sought damages under Section 1983 on the ground that the police chief had condoned perjured testimony given before the grand jury which indicted him, the Appellate Division stated:

> While the plaintiff's plea of guilty and conviction stands, collateral estoppel prevents the plaintiff from relitigating the issue of his guilt. A judgment of conviction is conclusive proof of the underlying facts in a subsequent civil action. Accordingly, the plaintiff's claims of unlawful arrest, illegal detention, and violation of his right to a fair trial are precluded by his plea of guilty and conviction.

*Id.* at 626, 436 N.Y.S.2d at 328 (citations omitted). Plaintiff does not challenge New York's interpretation of the collateral estoppel effect to be given to prior criminal convictions as stated in *Alexander*. Rather, Camarano contends based on the Second Circuit Court of Appeal's opinion in *Singleton v. City of New York*, 632 F.2d 185, 195 (2d Cir.1980), *cert. denied*, 450 U.S. 920, 101 S.Ct. 1368, 67 L.Ed.2d 347 (1981), that it is appropriate for a federal court to measure liability in Section 1983 cases by reference to common law rules of decision governing the underlying tort claim. He argues that under the New York rules of decision applicable to the common law tort of false arrest, judicial proceedings subsequent to arrest are merely admissible as some evidence of the presence or absence of probable cause at the time of arrest. However, even in *Broughton v. State of New York*, 37 N.Y.2d 451, 373 N.Y.S.2d 87, 335 N.E.2d 310, *cert. denied sub nom. Schanbarger v. Kellogg*, 423 U.S. 929, 96 S.Ct. 277, 46 L.Ed.2d 257 (1975), the false arrest case cited by plaintiff in support of his position, the New

York Court of Appeals stated that "a conviction which survives appeal would be conclusive evidence of probable cause [for arrest]." *Id.* at 458, 373 N.Y.S.2d at 95, 335 N.E.2d at 315 (discussing defendant's burden of proving defense of legal justification to charge of false arrest).[1]

Consequently, New York law would preclude Camarano's Section 1983 claim for unlawful arrest, and a federal court is bound under normal circumstances to give the prior state-court judgment the same preclusive effect. This result is consistent with an independent line of district court decisions in this circuit, never ruled on by the Court of Appeals, which hold that

> an allegation of arrest without probable cause under 42 U.S.C. § 1983 is in the nature of the common law tort action of false arrest and false imprisonment, and that a valid judgment of conviction, a defense to the tort, requires dismissal of a § 1983 action on motion for summary judgment.

*Cameron v. Fogarty,* 705 F.2d 676, 678 n. 3 (2d Cir.1983) (citing *Pouncey v. Ryan,* 396 F.Supp. 126, 127 (D.Conn.1975) (Newman, J.) (explicitly not addressing validity of this approach).[2]

### C.

■ Camarano's third argument in opposition to the dismissal of the unlawful arrest claim is more involved, and some background information is required to understand its rationale. The weapons possession charge relating to the .38 caliber pistol, according to Camarano, is the only one

of the three weapons charges that could be relevant to the police officer's belief that there was a probable cause for Camarano's arrest on a robbery charge. This is not contested by defendants.

After his indictment Camarano moved pursuant to N.Y.Crim.Proc.Law § 210.30 (McKinney 1982) to dismiss the indictment on the ground of insufficiency of the evidence presented to the grand jury. On July 9, 1982, Justice Carol Berkman of the Supreme Court, New York County, ordered dismissal of, *inter alia,* the weapons possession charge relating to the .38 revolver, finding "that the evidence presented was insufficient to sustain the counts of the indictments relating to the weapon found by a pedestrian on the street several hours after the defendants were arrested." Exhibit B to Affidavit of John H. Walsh at 2. On July 23, 1982, apparently without first obtaining court authorization as required by N.Y.Crim.Proc.Law § 210.20(4) (McKinney 1982), the State resubmitted the charges relating to the revolver found on the street to a grand jury and obtained a second indictment. In November of 1982 Camarano was convicted of three weapons possession counts, including the one which had earlier been dismissed by Justice Berkman. That conviction was subsequently affirmed by the Appellate Division, First Department. Defendants do not contest plaintiff's account of the procedural history.

Camarano appears to make a dual argument based upon these facts. First, he

---

**1.** Plaintiff also cites the recent Supreme Court case of *Malley v. Briggs,* —— U.S. ——, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986), in support of his position. In *Malley* the Supreme Court ruled that the decision of a magistrate in issuing an arrest warrant did not immunize the police officer who procured the warrant from Section 1983 damages liability for wrongful arrest simply because the magistrate's decision to issue the warrant would normally be based on his finding that probable cause for the arrest existed. *Id.* 106 S.Ct. at 1098–99. A holding that an interlocutory order in a criminal proceeding does not bar subsequent civil rights actions would not apply to this case, which involves the collateral estoppel effect of a final judgment on the merits. It is instructive that nowhere in

*Malley* is there mentioned any claim by the defendant to the collateral estoppel effect of the magistrate's decision—arising as it does out of an *ex parte* proceeding which could not possibly have permitted the Section 1983 plaintiff-arrestee a full and fair opportunity to litigate the issue of probable cause.

**2.** Other decisions that have adopted or approved the *Pouncey* approach include *Konon v. Fornal,* 612 F.Supp. 68, 71–72 (D.Conn.1985); *Keyes v. City of Albany,* 594 F.Supp. 1147, 1155 (N.D.N.Y. 1984); *Griffen v. City of Mount Vernon,* 553 F.Supp. 1047, 1049 (S.D.N.Y.1983); *Raffone v. Sullivan,* 436 F.Supp. 939, 942 & n. 11 (D.Conn. 1977).

contends that the dismissal of the weapons possession count for the pistol found on the street is a final judicial determination which constitutes probative evidence of the absence of probable cause at the time of his arrest. Second, Camarano claims that because the State did not comply with the statutory requirements for resubmitting the dismissed charge to a grand jury, the order of dismissal did not merge with the criminal conviction as a final judgment.

The answer to the first part of plaintiff's argument is that Justice Berkman's dismissal of the weapons possession count is not, as a matter of New York law, relevant to the issue of probable cause for arrest. The standard the court applied in dismissing the charge is found in N.Y.Crim.Proc.Law § 210.20(1)(b) (McKinney 1982): "The evidence before the grand jury was not legally sufficient to establish the offense charged or any lesser included offense." The standard for judging the lawfulness of a warrantless arrest by a police officer in New York state is set out in N.Y.Crim.Proc.Law § 140.10(1)(b) (McKinney 1981): "[A] police officer may arrest a person for ... a crime when he has reasonable cause to believe that such person has committed such crime, whether in his presence or otherwise." New York's criminal procedure law clearly distinguishes between the two standards of proof involved: "legally sufficient evidence" and "reasonable cause to believe that a person has committed an offense." N.Y.Crim.Proc.Law § 70.10 (McKinney 1981).[3] The practice commentary accompanying the provision makes the following comparison between the first and the second standards:

> The term defined in subdivision 2 [legally sufficient evidence] is of a different and more factual nature and it is of a lower order and lower quantum. Evidence which is not "legally sufficient" may well provide "reasonable cause to believe that a person has committed an offense."

J. Bellacosa, *Practice Commentary* to N.Y.Civ.Prac.Law § 70.10 (McKinney 1981).

Consequently, whether or not the order of dismissal merged into the final judgment of conviction—the second part of Camarano's argument—it would not constitute a final adjudication on the merits entitled to any weight on the issue of probable cause. Moreover, the Appellate Division's affirmance of the conviction as to all counts—in a proceeding in which Camarano had the opportunity to raise the issue of the procedural irregularity surrounding his reindictment on the .38 handgun possession charge—prevents him from contesting the preclusive effect of the conviction on his unlawful arrest claim on the ground that the conviction was illegally obtained.

Camarano's unlawful arrest claim is therefore dismissed.

It is so ordered.

---

**3.** Section 70.10 provides the following definitions:

1. "Legally sufficient evidence" means competent evidence which, if accepted as true, would establish every element of an offense charged and the defendant's commission thereof; except that such evidence is not legally sufficient when corroboration required by law is absent.

2. "Reasonable cause to believe that a person has committed an offense" exists when evidence or information which appears reliable discloses facts or circumstances which are collectively of such weight and persuasiveness as to convince a person of ordinary intelligence, judgment and experience that it is reasonably likely that such offense was committed and that such person committed it. Except as otherwise provided in this chapter, such apparently reliable evidence may include or consist of hearsay.

N.Y.Crim.Proc.Law § 70.10 (McKinney 1981).