■ PAULINE A. McCLARY, as Administratrix of the Estate of ROGER T. McCLARY, Deceased, Respondent, v CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., et al., Appellants.—Order unanimously reversed on the law without costs and motion granted. Memorandum: Defendants contend that Special Term erred in failing to grant their motion to dismiss plaintiff's complaint. We agree. Plaintiff's complaint alleges that defendant unions were negligent and breached their duty of fair representation to decedent by failing to provide a safe workplace. It is also alleged that decedent was a third-party beneficiary of the job safety provisions of a contract between the State of New York and the Operational Services Unit of CSEA, Inc. Plaintiff has no cause of action for negligence, as the alleged failure by the unions to provide safe working conditions is not wholly outside the ambit of the collective bargaining agreement *(Condon v Local 2944, 683 F2d 590; Herington v Civil Serv. Employees Assn., 130 AD2d 961)*. The sole cause of action available to plaintiff is for breach of fair representation *(Herington v Civil Serv. Employees Assn., supra)*. To sustain such a claim, a union member must allege bad faith, arbitrariness or discrimination on the part of the union *(Vaca v Sipes, 386 US 171; Matter of Civil Serv. Bar Assn. v City of New York, 64 NY2d 188)*. Here, plaintiff does not allege that decedent was singled out and discriminated against, but rather that the unions breached their general duty to their members to provide a safe place to work. These allegations at best establish mere negligence, which is insufficient to sustain a cause of action for breach of a union's duty of fair representation *(Smith v Sipe, 109 AD2d 1034, revd for reasons stated in dissenting mem 67 NY2d 928; Ferrara v American ACMI, 122 AD2d 930)*. Also, as decedent was not a State employee intended to benefit from the contract between the State and the Operational Services Unit of CSEA, Inc., plaintiff's cause of action as a third-party beneficiary to this contract cannot stand *(Burns Jackson Miller Summit & Spitzer v Lindner, 59 NY2d 314, 336-337)*. (Appeal from order of Supreme Court, Steuben County, Curran, J.—summary judgment.) Present—Dillon, P. J., Doerr, Boomer, Pine and Lawton, JJ. *[See, 130 Misc 2d 883.]*

■ ROBERT H. VARIN et al., Respondents, v JAMES J. WHITEMAN et al., Appellants.—Judgment unanimously affirmed with costs for reasons stated at Herkimer County Court, Bergin, J. (Appeal from judgment of Herkimer County Court, Bergin, J. —adverse possession.) Present—Dillon, P. J., Doerr, Boomer, Pine and Lawton, JJ.