Richard SANDERS, Plaintiff,

v.

The CITY OF NEW YORK, Ivan Montero and Martin Romanchick, Defendants.

No. 86 CIV. 8876 (PKL).

United States District Court, S.D. New York.

Aug. 17, 1988.

---

Peter L. Zimroth, Corp. Counsel, New York City (Joseph L. Lauer, Lyla Glener, of counsel), for defendant City of New York.

Law Offices of Richard Hartman, Little Neck, N.Y. (Edward Faranda, of counsel), for defendants Montero and Romanchick.

### OPINION & ORDER

LEISURE, District Judge:

This action, brought pursuant to section 1983 of Title 42 of the United States Code, alleges a violation of plaintiff's civil rights. Plaintiff, Richard Sanders ("Sanders") seeks damages from the City of New York ("City") and two individual police officers, Ivan Montero ("Montero") and Martin Romanchick ("Romanchick"). Now before the Court is plaintiff's motion for leave to file an amended complaint and the City's motion for dismissal of the complaint and amended complaint. For the reasons stated below, the motion to amend the complaint is granted in part and denied in part; the motion to dismiss is granted, but leave to replead is also granted.

### FACTUAL BACKGROUND

Plaintiff was seated in his car which was legally parked on a street in the Bronx. Officers Montero and Romanchick were patrolling the area, saw the car, and, because the area was one in which stolen or abandoned cars were frequently found, ran a computer check on the license plate. The computer check indicated that the car had been stolen several months earlier. The plaintiff had, in fact, reported the vehicle stolen, but he had also reported the next day that he had recovered it. Montero and Romanchick did not give plaintiff the opportunity to prove that he owned the vehicle, and placed him under arrest.

Montero and Romanchick contend that Sanders "failed to cooperate, struggled, kicked, yelled, refused to follow the police officers' directions and resisted arrest." Answer ¶ 5. Sanders contends that he tried to offer proof that the car was legally his, and when he did so, Montero repeatedly punched him in the stomach. Proposed Amended Complaint ¶ 6. Plaintiff was

Apfelbaum & Lafazan, New York City (Barry Apfelbaum, of counsel), for plaintiff Sanders.

then handcuffed, and on the way to the precinct, defendant Montero allegedly struck plaintiff about the face with a flashlight. Approximately one hour and fifteen minutes after arriving at the police precinct defendant police officers verified that the vehicle was not stolen, that the plaintiff owned the vehicle and that it was lawfully registered in New Jersey in his wife's name.

Montero and Romanchick then charged Sanders with assault and resisting arrest, charges he was acquitted of after a trial in Criminal Court, Bronx County. Plaintiff also filed a complaint with the New York City Civilian Complaint Review Board ("CCRB"). The CCRB found his complaint to be unsubstantiated and accordingly dismissed the complaint.

## DISCUSSION

Plaintiff's original complaint stated two causes of action. The first appears to be against Montero and Romanchick for their role in the incident that allegedly resulted in the denial of plaintiff's Fourth and Fourteenth Amendment rights. The second cause of action appears to be a claim against the City based upon a theory of negligence. After some discussion between counsel for the City and counsel for plaintiff, plaintiff's counsel informed the Court:

> Since our recent conference, my research and discussions with opposing counsel have yielded the following observations:
> 1) the complaint as it stands fails to state a valid cause of action against the City under Sec. 1983; and
> 2) the facts and circumstances of this case do, however, support the making of such a claim.

December 2, 1987 letter from Barry Apfelbaum, Esq. to the Court. Plaintiff moved to amend the complaint, and in response to that motion, the City has moved to dismiss the complaint and the proposed amended complaint insofar as they assert claims against the City.

Plaintiff's proposed amended complaint asserts four causes of action. The first is against Montero and Romanchick for their role in the incident. The second, third and fourth proposed causes of action are asserted against the City for various municipal policies and for negligence.

It is well established that leave to amend a complaint is liberally granted. Rule 15 of the Federal Rules of Civil Procedure states that "leave shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). The Second Circuit has made it clear that leave to amend is to be freely given, and that mere delay is an insufficient reason for denying leave to amend. *See, e.g., Richardson Greenshields Securities, Inc. v. Lau*, 825 F.2d 647, 653 n. 6 (2d Cir.1987). In *Lau*, the Court stated that a motion to amend should be denied only for such reasons as bad faith, futility of amendment and prejudice to the opposing party. *Id.*

Applying that standard to the instant case, it is clear that plaintiff's motion to amend his complaint should be granted as to the first cause of action. That cause of action seeks recovery from Montero and Romanchick, and they have stated that they take no position with regard to plaintiff's motion to amend the complaint. Affidavit of Edward Faranda, Esq. in Support of Defendants Montero and Romanchick's Partial Opposition to Motion to Dismiss (hereinafter "Faranda Aff."), sworn to on March 9, 1988, ¶ 3. Because there is no opposition to the amendment of the first cause of action, and because leave to amend "shall be freely given," Fed.R.Civ.P. 15(a), plaintiff may amend his complaint to assert the proposed first cause of action.

As to the remaining causes of action asserted against the City, the City opposes leave to amend because it claims amendment is futile; that is, even if leave to amend were granted, the proposed amendments fail to state a claim upon which relief can be based. The standard applied by courts in this Circuit on motions to dismiss is well established: "the court should not dismiss the complaint unless it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Goldman v. Belden*, 754 F.2d 1059, 1065 (2d Cir.1985) (quoting *Conley v. Gibson,*

355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)).

■ Under this standard, it is clear that the Court must deny leave to amend the fourth cause of action stated in the proposed amended complaint. That claim alleges that the computer error was due to the negligent acts or omissions of the City, "its employees or agents acting within the scope of their employment, by their failure to act on plaintiff's report that he had recovered the vehicle the day after reporting it stolen." This cause of action, which is based on the negligent act or omission of the City, fails to state a claim for which relief can be granted. Even if the computer error was due to the City's negligence, plaintiff could not recover from the City because negligent conduct by a government official, even though it causes injury, does not constitute a cause of action cognizable under section 1983. *Daniels v. Williams,* 474 U.S. 327, 328, 106 S.Ct. 662, 663, 88 L.Ed.2d 662 (1986); *Davidson v. Cannon,* 474 U.S. 344, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986). Accordingly, leave to amend the complaint as to the fourth proposed cause of action is denied, for leave to amend would be futile, since no claim based against a municipality based on mere negligence can state a claim upon which relief can be based.

■ The remaining claims are somewhat more difficult to deal with. Plaintiff's second proposed cause of action asserts that the City has a policy of permitting "police officers to arrest and hold in custody a citizen solely because they happen to be sitting in a vehicle which a computer erroneously reports as being stolen. Said policy does not require nor even suggest that any effort be made to verify the computer report by on-the-scene inquiry as to ownership of the vehicle." Proposed Amended Complaint ¶ 15. The third proposed cause of action asserts that the City, through the CCRB, has a policy of "deliberate indifference to the constitutional rights of persons within the domain of the City of New York, by setting up a procedure for accepting such complaints [as the plaintiff made] and then failing to adequately investigate them." *Id.* at ¶ 17. Plaintiff also alleges that defendants Montero and Romanchick knew of this policy and that they "would not have acted as they did if they believed they would be held accountable for their actions." *Id.*

These claims are sufficient to withstand a motion to dismiss if reviewed under the liberal standard of *Conley v. Gibson, supra,* 355 U.S. 41, 78 S.Ct. 99, and the requirements of Rule 8(a) of the Federal Rules of Civil Procedure. The Second Circuit has held, however, that claims brought under section 1983 require specific allegations at the pleading stage, and thus represent a departure from the liberal pleading requirements set forth in Rule 8(a). "As we have repeatedly held, complaints relying on the civil rights statutes are insufficient unless they contain some specific allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning." *Barr v. Abrams,* 810 F.2d 358, 363 (2d Cir.1987).[1]

In *Smith v. Ambrogio,* 456 F.Supp. 1130 (D.Conn.1978), then District Judge Newman explained the justification for stricter pleading requirements in civil rights actions:

> a claim of municipal liability based on an alleged policy reflected by a pattern of prior episodes will inevitably risk placing an entire police department on trial. Sweeping discovery will be sought to unearth episodes in which allegedly similar unconstitutional actions have been taken, and the trial will then require litigation of every episode occurring in the community that counsel believes can be shown to involve a similar constitutional violation. Even if a trial of that scope is warranted by a complaint that does allege overt acts with requisite particularity, neither a federal court nor a munici-

---

**1.** *See also Alfaro Motors, Inc. v. Ward,* 814 F.2d 883 (2d Cir.1987); *Angola v. Civiletti,* 666 F.2d 1 (2d Cir.1981) (in a claim of conspiracy to violate civil rights, detailed fact pleading required to withstand motion to dismiss); *Fine v. City of New York,* 529 F.2d 70, 73 (2d Cir.1975) (complaint must contain "some allegations of facts indicating a deprivation of civil rights").

pality should be burdened with such an action unless a detailed pleading is presented.

*Id.* at 1137 (citation omitted). The issue presented here is thus whether the second and third proposed causes of action meet the stricter standard for setting forth a cause of action against a municipality.

Plaintiff's second proposed cause of action merely states the conclusory allegation that the City has a policy of allowing police officers to arrest someone found sitting in a vehicle which a computer erroneously reports as stolen. Yet there is no specific statement supporting the allegation that the City is somehow involved. Such a conclusory allegation, devoid of any factual content, cannot constitute the basis of municipal liability under section 1983.

A further problem exists with the proposed amended complaint as pleaded: several courts in this Circuit have held that the allegation of one incident is insufficient to maintain a claim against a municipality. *Camarano v. City of New York,* 624 F.Supp. 1144, 1146 (S.D.N.Y.1986) ("allegation of a single instance of mistreatment by a police officer ... is insufficient to establish an unconstitutional municipal policy attributed to a municipal policymaker"); *Clayton v. City of New York,* 596 F.Supp. 355, 359 (S.D.N.Y.1984) ("it is generally necessary to assert more facts than those related to the one incident involved to establish a claim of 'pattern and practice'"); *Loza v. Lynch,* 625 F.Supp. 850, 853 (D.Conn.1986) ("when a complaint alleges the existence of a custom or practice that has not been formally adopted, the plaintiff 'must typically point to fact outside his own case to support his allegation of a policy on the part of a municipality.'") (quoting *Thurman v. City of Torrington,* 595 F.Supp. 1521, 1530 (D.Conn.1984)).

In *Angola v. Civiletti,* 666 F.2d 1 (2d Cir.1981), however, the Second Circuit found sufficient specificity in the complaint where the plaintiff only alleged specific facts about what happened to her. The plaintiff in *Angola,* however, unlike plaintiff here, alleged "violative" conduct in at least six instances relating to her. In addi-

tion, the Second Circuit has held that a single "unusually brutal or egregious beating administered by a group of municipal employees may be sufficiently out of the ordinary to warrant an inference that it was attributable ... to deliberate indifference or 'gross negligence'" and thereby warrant a finding of municipal liability. *Turpin v. Mailet,* 619 F.2d 196, 202 (2d Cir.), *cert. denied,* 449 U.S. 1016, 101 S.Ct. 577, 66 L.Ed.2d 475 (1980) (referring to *Owens v. Haas,* 601 F.2d 1242 (2d Cir.), *cert. denied,* 444 U.S. 980, 100 S.Ct. 483, 62 L.Ed.2d 407 (1979)).

Plaintiff's second proposed amended cause of action fails because plaintiff has relied solely upon the facts of his case. Plaintiff has not alleged any facts relating to any other incidents arising from the alleged policy, or that any other party has been injured by the City's alleged policy. Nor do the facts of this case appear to be so brutal or egregious that they rise to the level of gross negligence or deliberate indifference found in *Owens.* Plaintiff has not alleged that the computer has ever erroneously reported a stolen car before this incident, and in the absence of such an allegation, the motion to dismiss is well taken.

Plaintiff's third proposed amended cause of action fails to meet the strict standard for section 1983 civil rights actions. The complaint makes a vague and conclusory allegation that the City has a policy of failing adequately to investigate complaints made against police officers, but the complaint fails to allege any specific, particularized facts to support the claim. Instead, the proposed third claim merely states that the CCRB does not adequately investigate claims reported to it.

 In apparent recognition of the inadequacy of the proposed third claim, counsel for plaintiff submitted an affidavit in which he recites his experience as a senior trial counsel with the Legal Aid Society, Criminal Defense Division, and how "[e]very instance [of a complaint to the CCRB] that I was able to follow up on resulted in a dismissal of the complaint, based on an investigation that involved

nothing more than the taking of statements from the victim and the officer." Reply Affidavit of Barry Apfelbaum, Esq., sworn to on February 29, 1988. But counsel cannot amend the complaint by affidavit on a motion to dismiss.[2] Accordingly, the second proposed claim against the City cannot withstand a motion to dismiss for the same reason that the prior claim cannot withstand a motion to dismiss, namely, a lack of specificity in pleading.

■ Nonetheless, the Court finds that plaintiff should be allowed leave to replead to assert claims that may withstand a motion to dismiss. Counsel for plaintiff is now aware of the considerations to which the Court has alerted the parties, and any amendment of the complaint must take those considerations into account.

One other matter is before the Court, although not by way of formal motion. Counsel for defendants Montero and Romanchick requests that, if the motion to dismiss is granted, leave be granted to convert the cross-claims against the City to third-party claims under Rule 14 of the Federal Rules of Civil Procedure. Faranda Aff. ¶ 5. Because no formal motion has been made, and because leave to amend the complaint has been granted, the Court declines to express any view on this issue.

### CONCLUSION

Plaintiff is granted leave to amend his complaint as follows: leave to amend is granted as to the first proposed cause of action; leave to amend is denied as to the remaining causes of action. As to the fourth proposed cause of action, amendment would be futile and is, accordingly, denied. As to the second and third proposed causes of action, plaintiff has failed to plead with specificity as required by this Circuit's decisions regarding actions under section 1983. Leave to replead is granted, however. Plaintiff has 30 days from the

date of this order to replead in conformity with this opinion.

Counsel for the parties are ordered to appear at a pretrial conference on October 14, 1988 at 3:00 p.m. in Courtroom 36. At that time, the parties may discuss with the Court future motion practice, if any, and discovery.

SO ORDERED.

---

**2.** As the Second Circuit has recently made clear, a district court has two options when presented with an affidavit containing additional factual allegations: it can exclude the additional matter and decide the motion on the face of the complaint, or it can give notice to all parties and convert the motion to dismiss under Rule 12(b)(6) to one for summary judgment under Rule 56, and consider all material submitted to it. *Fonte v. Board of Managers of Continental Towers Condominium*, 848 F.2d 24, 25 (2d Cir. 1988). In the instant case, the Court has chosen the former option.