Daniel RIGBY, John Kinney, Donald Young, Norman Camp, James Locastro and William Alcock, Plaintiffs,

v.

Thomas A. COUGHLIN, III, individually and as Commissioner of the Department of Correctional Services of the State of New York; American Federation of State, County and Municipal Employees, AFL–CIO; Security Unit Employees Council 82, American Federation of State, County and Municipal Employees, AFL–CIO, Defendants.

No. 89–CV–1285.

United States District Court, N.D. New York.

Feb. 14, 1990.

Butler, Allen, Clark & Place, Vestal, N.Y., for plaintiffs (Earl D. Butler, of counsel.)

Robert Abrams, Atty. Gen. of State of N.Y., Albany, N.Y., for State defendant (Lawrence L. Doolittle, Asst. Atty. Gen., of counsel.)

Rowley, Forrest, O'Donnell & Hite, Albany, N.Y., for defendants (Richard R. Rowley, of counsel.)

### MEMORANDUM–DECISION–ORDER

McAVOY, District Judge.

#### Facts

Sometime prior to March, 1989, the Department of Correctional Services undertook an investigation of alleged "padding" of expense vouchers by employees of the Department, which disclosed that at least twenty employees of the Auburn and Cayuga Correctional Facilities had allegedly been involved in such acts. The plaintiffs allege that subsequent to the results of the investigation being made known, various employees, not including the plaintiffs, who had been identified as having submitted improperly "padded" vouchers, were permitted to make restitution of such amounts without being subject to any punishment. Thereafter, plaintiffs and approximately thirteen other officers were advised that they also had been identified as having submitted improperly padded vouchers. Plaintiffs were advised that a "deal" had been arranged between the Department and defendant Unions, whereby each of the nineteen employees was to be proffered an offer to informally settle what were as yet, unformalized charges of misconduct, upon terms whereby each would pay the sum of $2,500.00 and be placed on one year probation. The plaintiffs refused to accept the deal, whereupon they were summarily suspended and charges of misconduct were served upon them. Subsequently, on August 1, 1989, after an arbitration hearing, plaintiffs were terminated from their employment by defendant Commissioner for obtaining lodging reimbursement monies under false pretenses, amounting to misconduct.

#### Discussion

The plaintiffs in their complaint have alleged that the defendant, New York State Inspection, Security and Law Enforcement Employees, District Council 82, AFSCME, AFL–CIO (hereinafter "Council 82") and American Federation of State, County and Municipal Employees (hereinafter "AFSCME"), have breached their duty of fair representation. AFSCME, the national affiliate of Council 82, alleges that they

have no status as bargaining agent, and therefore, moves to dismiss the claims brought by the former public employees. Council 82, the bargaining agent for the Security Services Unit Employees, alleges that they have fairly represented plaintiffs, and therefore, moves to dismiss the claims against it. After examining the Complaint, it is clear that the plaintiffs have failed to specify the allegations of the conspiracy alleged therein, and have failed to set forth facts entitling them to relief.

■ The plaintiffs argue that AFSCME violated its duty of fair representation of their interests in negotiating the settlement, or "deal", as referred to by the plaintiffs between the Department and the defendant Unions. This duty of fair representation has been held to require that a union act "fairly" toward all employees it represents stemming from its statutory authority and responsibility as their exclusive bargaining agent or representative. *Steele v. Louisville & Nashville R.R. Co.*, 323 U.S. 192, 65 S.Ct. 226, 89 L.Ed. 173 (1944); *Tunstall v. Brotherhood of Locomotive Firemen & Enginemen*, 323 U.S. 210, 65 S.Ct. 235, 89 L.Ed. 187 (1944). In *Civil Service Bar Association v. City of New York*, 64 N.Y.2d 188, 196, 485 N.Y.S.2d 227, 230–31, 474 N.E.2d 587, 590 (1984), the Court of Appeals for the Second Circuit held that public employee unions have a duty to represent its membership fairly, and the Court reasoned:

> "Although the State and its political subdivisions are excluded from the definition of 'employer' contained in subdivision (2) of section 2 of the National Labor Relations Act (29 USC § 152[2]), the courts in New York have recognized a similiar duty of fair representation on the part of public sector unions predicated on their role as exclusive bargaining representatives."

*See also, McClary v. Civil Service Employees Association*, 133 A.D.2d 522, 520 N.Y.S.2d 88 (4th Dept.1987); *Hoergu v. Board of Education*, 127 A.D.2d 88, 97, 514 N.Y.S.2d 395 (2d Dept.1987).

So while the plaintiffs allege that AFSCME breached this duty, they have failed to allege any set of facts showing that AFSCME had a duty towards them. The Complaint fails to allege that AFSCME was the Security Services Unit Employees' bargaining agent or that AFSCME owed a duty to them. While it is true, as plaintiffs allege, that AFSCME is a duly organized labor organization, at no time did AFSCME act as the bargaining agent for employees of the Security Services Unit, nor did it have any contact with the parties. As stated in *Matter of Civil Service Bar Association*, 485 N.Y.S.2d at 230, 474 N.E.2d at 590, only the exclusive bargaining representative of employees of a bargaining unit have a duty of fair representation.

Based upon all the information available to the Court, it is clear that plaintiffs had knowledge that Council 82, and not AFSCME, was the bargaining agent for the Security Services Unit Employees.

Since AFSCME was not the exclusive bargaining agent for the employees of the Security Services Unit, it did not breach the duty of fair representation towards the plaintiff. Since the plaintiffs have not alleged sufficient facts entitling them to relief, the claim against AFSCME is hereby dismissed.

■ The plaintiffs also allege that Council 82 breached their duty of fair representation of their interests in negotiating the settlement, or "deal". A breach of the duty of fair representation entails conduct on the part of the union which is arbitrary, discriminatory or engaged in bad faith. *See Gosper v. Francher*, 49 A.D.2d 674, 371 N.Y.S.2d 28, *aff'd*, 40 N.Y.2d 867, 387 N.Y.S.2d 1007, 356 N.E.2d 479 (1976), *cert den.*, 430 U.S. 915, 97 S.Ct. 1328, 51 L.Ed.2d 594 (1977); *Civil Service Bar Association v. City of New York*, 64 N.Y.2d 188, 485 N.Y.S.2d 227, 474 N.E.2d 587 (1984). As stated in *Matter of Civil Service Employees Association v. Public Employment Relations Board*, 132 A.D.2d 430, 432, 522 N.Y.S.2d 709, *aff'd* 73 N.Y.2d 796, 537 N.Y.S.2d 22, 533 N.E.2d 1051 (1988), a breach of public employees union's duty of fair representation requires a showing that the activity which formed the basis of the charges against the union was

deliberately invidious, arbitrary or founded in bad faith.

The plaintiffs allege that the defendants breached their duty of fair representation, and further allege that defendants, Council 82 and AFSCME, (1) "acquiesced" in the activities of the Commissioner of Correctional Services; (2) did not investigate the allegations brought against the plaintiffs; and (3) made no effort to ascertain the truth of the allegations.

■ Conclusory allegations absent factual detail will not support a claim that a union breached its duty of fair representation. A bare statement that employees were treated differently than other union members is not enough to show unfair representation. *See Anderson v. AMBAC Industries,* 48 A.D.2d 845, 369 N.Y.S.2d 170, *aff'd* 40 N.Y.2d 865, 387 N.Y.S.2d 1006, 356 N.E.2d 478 (1976). In the present case, even reviewing the allegations in the Complaint in a light most favorable to the plaintiffs, no facts exists to support the plaintiffs' broad, conclusory allegation that Council 82 breached its duty of fair representation.

Firstly, the plaintiffs claim that after receiving the arbitrator's decision, Council 82 acquiesced in the Department's actions. The Court finds, however, no facts or allegations in the Complaint to substantiate those actions of Council 82 alleged to be wrongful. Council 82 merely entered into negotiations and reached a settlement agreement with the Department in order to settle the disciplinary actions the Department intended to take against this group of employees. The sole reason for the discharge of the plaintiffs, as opposed to all other similiarly charged officers, was that they refused to execute a settlement agreement and that they received an unfavorable ruling by the arbitrator.

By negotiating a settlement agreement in order to avoid the discharge of all the charged Correction Officers, Council 82 did not "acquiesce" in the officers' discharge, but instead, sought to avert it.

Secondly, the plaintiffs allege that Council 82 failed to investigate or make an effort to ascertain the truth of the charges presented against the Correction Officers. The Complaint, however, fails to allege any specific ommissions on the part of the defendants, nor does it point out any deficient actions taken by the defendants.

Based upon the response of Council 82 as discussed herein, it is obvious that Council 82 diligently represented the interests of all Correction Officers and such representation ceased only after plaintiffs chose to be represented by independent counsel.

The claim against defendant Council 82 is, therefore, dismissed.

■ As far as the claims against the other named defendants, the plaintiffs have failed to specifically plead facts to support their conspiracy claim.

■ In order to survive a motion to dismiss for failure to state a claim, the general rule is that one must merely allege a set of facts entitling one to relief, *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957), yet, this rule is inapplicable where a claim of conspiracy is alleged. In this situation, a higher burden is imposed and requires that the plaintiffs file a detailed factual pleading. *See Angola v. Civiletti,* 666 F.2d 1, 4 (2nd Cir.1981); *Ostrer v. Aronwald,* 567 F.2d 551, 553 (2nd Cir.1977); *Fine v. City of New York,* 529 F.2d 70, 73 (2nd Cir.1975).

In *Angola, supra,* the Court aptly stated:

> "Our Court recognized that certain claims are so easily made and can precipitate such protracted proceeding with such disruption of governmental functions that, despite the general rule of *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), detailed fact pleading is required to withstand a motion to dismiss. A claim of a conspiracy to violate civil rights is a clear example."

In *Sanders v. City of New York,* 692 F.Supp. 308, 311 (S.D.N.Y.1988), the Court held in accord with the Second Circuit that claims brought under section 1983 require specific allegations at the pleading stage, thus representing a departure from the liberal pleading requirements set forth in

Rule 8(a). The Court then stated that "[c]omplaints relying on the civil rights statutes are insufficient unless they contain some specific allegations of fact ..., instead of a littany of general conclusions that shock but have no meaning", (quoting *Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir.1987).

A thorough examination of the Complaint reveals two references to the alleged conspiracy, both of which are devoid of any factual allegations. The plaintiffs simply allege that the defendants "conspired together", and "knowingly acted in collusion", without providing any factual support for either claim. Since the plaintiffs have failed to set forth detailed factual allegations regarding the alleged conspiracy, this claim is also dismissed.

Based on the above analysis, the defendants motion to dismiss the complaint pursuant to Rule 12(b) for failure to state a claim is hereby granted.

IT IS SO ORDERED.