104 F.3d 356
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Juan Ramon NADAL, Jr., Plaintiff-Appellant,
v.
CITY OF YONKERS and Police Officer Holsborg, Defendants-Appellees.
 No. 96-2412.
 United States Court of Appeals, Second Circuit.
 Dec. 16, 1996.
 
 APPEARING FOR APPELLEE: JUAN RAMON NADAL, JR., Gouverneur, NY, pro se. JOHN DE ANGELI, Chief Assoc. Corporation Counsel, Yonkers, N.Y. (Philip A. Zisman, Corporation Counsel, of counsel).
 S.D.N.Y.
 AFFIRMED.
 PRESENT: VAN GRAAFEILAND, JACOBS, and CALABRESI, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York, and was submitted.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court is AFFIRMED.
 
 
 3
 Plaintiff Appellant Juan Ramon Nadal Jr. appeals from a Judgment of the United States District Court for the Southern District of New York, Sidney H. Stein, Judge, granting summary judgment to defendants and dismissing plaintiff's complaint.
 
 
 4
 The following facts are undisputed. In the early hours of February 2, 1992, the City of Yonkers Police Department received a call regarding an assault in the vicinity of the intersection of South Waverly Street and Celli Place. Two officers arrived on the scene and observed an African-American man assisting a Hispanic man who was bleeding heavily from his head and face. As additional police arrived at the scene, the samaritan informed two of the officers that two Hispanic males had assaulted the victim and had left the scene northbound on Waverly Street. The officers pursued in that direction.
 
 
 5
 At 157 Waverly, the police apprehended two suspects, one of whom--Nadal--was spattered with blood. Nadal and the other suspect were driven back to the crime scene and the man who had witnessed the assault identified Nadal and the other suspect as the attackers. The officers searched Nadal and seized a folding knife, a driver's license, and a credit card. The latter two belonged to an individual who had been robbed three hours earlier.
 
 
 6
 Nadal was charged with robbery, assault, and criminal possession of stolen property. However, on July 10, 1992, a Westchester Grand Jury declined to indict Nadal and the charges were thereafter dismissed.
 
 
 7
 Plaintiff brought this action pursuant to 42 U.S.C. § 1983, alleging false arrest and imprisonment, malicious prosecution, and failure on the part of the City to properly train and supervise the police officers involved. The district court granted defendant summary judgment and dismissed plaintiff's complaint because the arrest of Nadal was supported by probable cause as a matter of law. This appeal followed.
 
 
 8
 "There can be no federal civil rights claim for false arrest where the arresting officer had probable cause." Singer v. Fulton County Sheriff, 63 F.3d 110, 118 (2d Cir.1995). "Probable cause is established when the arresting officer has knowledge or reasonably trustworthy information sufficient to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested." Id. at 119. Here, the uncontested facts show that Nadal was found in the direction the assailants had fled; he fit the broad description of one assailant and was with a person who fit the loose description of the accomplice; he was red with blood; and was identified by the eyewitness. In these circumstances, probable cause easily supported the arrest of appellant.
 
 
 9
 The fact that a Grand Jury declined to indict Nadal is not dispositive on the question of probable cause. See Camarano v. City of New York, 646 F.Supp. 246, 250 (S.D.N.Y.1986). We think the record is abundantly clear that there is no disputed issue of fact as to whether there was probable cause to arrest Nadal.
 
 
 10
 Nadal argues, however, that the eyewitness identification, as recounted in the affidavit of the officer, was hearsay. It is true that affidavits in a summary judgment motion must set forth such facts as would be admissible into evidence. Fed.R.Civ.P. 56(e). However, the eyewitness identification made to the officer is not hearsay because it is not offered for the truth of the matter asserted, but rather only to show that the arresting officer had knowledge or reasonably trustworthy information sufficient to warrant a person of reasonable caution in the belief that Nadal had committed the offense.
 
 
 11
 We have considered all of appellant's contentions on this appeal and have found them to be without merit. The judgment of the district court is AFFIRMED.